YOUNG v. STATE.    (8 Div. 141.)

(Court of Appeals of Alabama.    May 13, 1924.)

1. Husband and wife &ro===3(1) — Nervousness and excitability of wife held not to justify her leaving domicile.

Husband has right to fix family domicile, and nervousness and excitability of wife does not justify her in leaving it.

2. Husband and wife &ro===304—Offense of vagrancy not proved; "sufficient means."

Conviction for vagrancy, under Code 1907, § 7843, subd. 8, for abandonment of wife and family, cannot be sustained where defendant, a day laborer, had given them clothes, shoes, and money on several occasions, at one time $65, all within three months' time; "sufficient means" within statute being relative term and applying to condition in life.

[Ed. Note.—For other definitions, see Words and Phrases, Sufficient Means.]

Appeal from Morgan County Court; W. T. Lowe, Judge.

Raymond Young was convicted of va-

grancy, and appeals. Reversed and remanded.

W. H. Long, of Decatur, for appellant.

The defendant had the right to fix his domicile, and the refusal of his wife to live there did not amount to desertion on his part. Nunn v. Nunn, 91 Or. 384, 178 Pac. 986, 3 A. L. R. 500; Hope v. Hope (Tex. Civ. App.) 178 S. W. 32; Kaster v. Kaster, 43 Mo. App. 115; Carnley v. State, 162 Ala. 94, 50 South. 362; Trawick v. State, 4 Ala. App. 129, 59 South. 182; Allen v. Allen, 84 Ala. 367, 4 South. 590; Tiffany, Dom. Rel. 53; Anderson's Law Dict. 4.

Harwell G. Davis, Atty. Gen., for the State.

No brief reached the Reporter.

SAMFORD, J. The prosecution in this case was under subdivision 8, § 7843, of the Code of 1907. The evidence is without dispute that the defendant is a tenant farmer of the one-plow class and a day laborer; that he is an able-bodied man; that he and his wife and children (how many does not appear) were living with his father, where defendant was supporting them; that the wife was nervous and easily excited; that the wife had a quarrel with defendant's father regarding the punishment given one of the children; that time, just after the quarrel, the wife left, taking a part of the children and going to her mother's, where she has since lived; that the defendant has, several times, asked the wife to return, and she has refused to live with him at the father's house, but agreeing to return if the defendant would establish a domicile elsewhere; that the separation took place in May, 1923, and this trial was had August 14, 1923; that during that time and since the separation defendant has asked the wife to return, but she has always refused; that between the separation and the trial defendant has contributed to the support of his wife and children, by giving the children shoes and clothes and by giving the wife money in several amounts, at one time as much as $65, and defendant has with him and is supporting one of the children. It is true the wife while testifying said "both of them told me to leave," but in view of the other statements of the wife that, when she had the quarrel with the father and left, the defendant was not present, and her further statements that defendant had several times tried to get her to return to him and to her marital duties, this statement should have little, if any, weight.

[1] The husband has the right to fix the domicile of the family, and the nervousness and excitability of the wife does not justify her in leaving it.

[2] What is "sufficient means," within the meaning of the statute, is a relative term and applies to the condition in life of the parties. True, the mother-in-law expressed the opinion in her testimony, to which no exception was taken, that "he has not supported her and her children since they came to my house." But, under the circumstances of this case, for a day laborer to have given his wife and children clothes, shoes, and money on several occasions, at one time $65, all within three months' time, does not have in it the elements of vagrancy. The law is reasonable and does not require unreasonable things, and one of them is it does not require a man to contribute to his family beyond his ability. Nor will it permit a man to stand convicted of vagrancy upon a state of facts as shown by this record.

The motion for a new trial should have been granted.

The judgment is reversed, and the cause is remanded.

Reversed and remanded.