[Crim. No. 837. Third Appellate District.—March 16, 1925.]

THE PEOPLE, Respondent, v. WILLIAM NELSON, Appellant.

[1] CRIMINAL LAW—FAILURE TO PROVIDE FOR ILLEGITIMATE CHILD—EVIDENCE—VERDICT. — In this prosecution for unlawfully failing, without legal excuse, to furnish necessary food, clothing, etc., for an illegitimate child, and thereby violating the provisions of section 270 of the Penal Code, the evidence was sufficient to show a failure on the part of defendant, within the terms of the statute, if the jury believed the testimony introduced by the prosecution, notwithstanding the testimony introduced on the part of the defense, if accepted by the jury for its face value, would have warranted a verdict in his favor.

[2] ID.—AGREEMENT TO SUPPORT CHILD—EVIDENCE.—In such prosecution, an agreement between defendant and the mother of an illegitimate child, wherein defendant agreed to make certain payments to said mother for the support, care, maintenance, and education of said child, is admissible in evidence to be considered by the jury, along with the other evidence, for the purpose of determining whether or not defendant is the father of the illegitimate child, and whether or not there has been any willful failure on his part to support the same, but such agreement is not evidence that defendant has paid the sums therein specified, or that the amount stipulated to be paid is sufficient for the purposes or within the ability of the defendant to pay.

[3] ID.—NEGOTIATIONS TO FIX MONTHLY ALLOWANCE—INSTRUCTIONS.
In this prosecution for unlawfully failing, without legal excuse,
to furnish the necessary food, clothing, etc., for an illegitimate
child, there was no merit in the contention that the trial court
erred in refusing instructions based upon the theory that a cer-
tain agreement entered into between defendant and the mother
of said child, wherein defendant agreed to make payments to said
mother for the support, maintenance, care, and education of said
child, and the negotiations attendant thereupon between defend-
ant's counsel and the mother for the purpose of fixing the exact
amount that should be paid monthly for the support of said
child, constituted a complete defense, as the instructions of the
trial court covered those points fully and completely, in clear and
concise language.

(1) 7 C. J., p. 957, n. 39; 17 C. J., p. 254, n. 51.   (2) 7 C. J.,
p. 957, n. 39.   (3) 7 C. J., p. 957, n. 39.

APPEAL from a judgment of the Superior Court of
Mendocino County and from an order denying a new trial.
H. L. Preston, Judge. Affirmed.

The facts are stated in the opinion of the court.

Charles Kasch for Appellant.

U. S. Webb, Attorney-General, and J. Charles Jones,
Deputy Attorney-General, for Respondent.

PLUMMER, J.—The defendant was indicted for unlaw-
fully failing, without legal excuse, to furnish necessary
food, clothing, etc., for an illegitimate child, and thereby
violating the provisions of section 270 of the Penal Code.
Judgment of conviction followed and the defendant's mo-
tion for a new trial being denied, the matter is now before
this court upon the defendant's appeal. The judgment
entered in this cause provided first that the defendant should
be confined in the county jail of the county of Mendocino
for a period of two years; secondly, that execution of judg-
ment should be suspended and the defendant placed upon
probation, conditioned upon his paying forthwith to the
mother of the illegitimate child the sum of $326.50, on ac-
count of arrears in monthly payments at the rate of $25
per month, and that the defendant, beginning with the

first day of January, 1925, during said period of two years, deposit in the Savings Bank of the county of Mendocino the sum of $25 per month during each and every month of said two-year's period, said money to be deposited to the credit of the mother of the illegitimate child involved to be used by her for its support and maintenance. The record shows that the initial payment required by said judgment was complied with, and the defendant was thereupon allowed his liberty, subject to the provisions of the probationary order of said court as to future payments.

The record further shows that during the course of the trial there was introduced and read in evidence the following agreement:

"Agreement.

"This agreement, made and entered into this 28th day of August, 1923, by and between Inias Wilkinson, party of the first part, and William Nelson, party of the second part, both unmarried and both of Ukiah, California, witnesseth:

"That whereas a male child was born to the party of the first part at Langland Hospital at Ukiah, California, on the 25th day of August, 1923, with Dr. S. L. Rea as attending physician, and whereas the parties hereto are the mother and father respectively of said child, and the said parties are not husband and wife; now, therefore,

"It is hereby agreed that for and in consideration of the payment by the party of the second part to the party of the first part of the sum of $460.00, the receipt whereof is hereby acknowledged by the party of the first part, and for and in consideration of the covenants and agreements hereinafter contained to be performed by the respective parties hereto, the party of the first part hereby releases the party of the second part from any and all claims which the party of the first part individually may now have or hereafter acquire against the party of the second part resulting from or growing out of the birth of said child as aforesaid, or from any sexual relations between the parties hereto.

"It is further agreed that the party of the second part shall pay monthly to the party of the first part as and for payment for the custody, care, education, maintenance and support of said minor child the sum of $25.00 per month until such time as such sum shall be insufficient for said

purposes and thereafter the party of the second part will pay to the party of the first part such additional sum as may be necessary for such purposes, said payments to begin at the date hereof and thereafter to be paid on the 28th day of each and every calendar month until such time as said minor child shall be legally adopted or until such other time as the party of the second part shall be freed of his obligations to said child by operation of law.

"It is further agreed that the party of the second part does hereby consent to the adoption of said minor child by any person or persons to whom the consent of the party of the first part shall be given for such adoption.

"This agreement is executed in duplicate, and time is the essence hereof.

"In witness whereof the parties hereto have set their hands the day and year first hereinabove written.

"INIAS WILKINSON,
"Party of the First Part,
"WILLIAM NELSON,
"Party of the Second Part."

[1] The defendant, in support of his appeal, alleges that the evidence is insufficient to show that the failure of the defendant to support his minor child was willful, or that such failure was without legal excuse, and that the court erred in refusing to give certain instructions asked by the appellant. In the appellant's brief we find the following statement: "The crime with which the appellant was charged was under consideration by this court in the recent case of *People* v. *Swiggy*, 69 Cal. App. 574 [232 Pac. 174]. This particular section of the Penal Code having been so recently under consideration by this court, it will not be necessary for appellant to refer to any other decisions"; the contention of the appellant apparently being that the execution and introduction of the above agreement constitutes an answer to the charge of willful failure on the part of the defendant.

After the execution of the agreement which we have hereinbefore set forth, it appears that the defendant paid the sum of $460, and thereafter paid the further sum of $119.50, and that for a period of some eight months preceeding the finding of the indictment herein, nothing had been paid by the defendant for the support and maintenance

of the minor child referred to in this agreement. During this period of time there appears to have been considerable negotiations between attorneys representing the defendant and parties representing the mother of the minor child relative to the sums which should be paid. The circumstances surrounding this case show that owing to the premature birth of the child a considerable expenditure of money was involved, and the appellant's defense was apparently based, more or less on the theory that the charges connected with and attendant upon the birth of the child were unnecessarily excessive, and the figures showing the amount of money expended by the defendant are presented to this court and considerable argument based thereupon. These were all matters, however, to be addressed to the jury, and whether due to the high cost of living, or to the high cost of sin, the finding of the jury thereon is conclusive upon this court. The fact remains that, notwithstanding the payment of such charges during the period of months which we have mentioned, nothing was advanced by the defendant toward the further support and maintenance of the minor child. The defendant also sets forth that the money to make the initial payment made by him was borrowed from one of his relatives. The amount of money earned by the defendant during the period of time was also shown to the jury. The complaining witness testified as to her efforts to obtain support for the child and to the sacrifices she made for the support of the infant, and of the moneys necessarily expended by her. The theory of the prosecution was and the testimony introduced tended to show that the negotiations being carried on by the defendant were adopted as a means of avoiding payment, while on the part of the defendant, it was insistently contended that he was desirous of fixing, or coming to an agreement as to some exact amount that should be paid monthly for the support of the minor child, and that such sum should be within his ability to pay. Without setting forth the evidence in detail, it is sufficient to say that there was a failure on the part of the defendant, within the terms of the statute, if the jury believed the testimony introduced by the prosecution, notwithstanding the fact that the testimony introduced on the part of the defense, if accepted by the jury,

for its face value, would have warranted a verdict in his favor.

[2]  The argument presented to us on this appeal based upon the case of *People* v. *Swiggy, supra,* does not appear to us to be well founded.  The Swiggy case did not decide that the execution of the agreement between the father and mother of the minor child constituted a complete defense to a charge based upon the provisions of section 270 of the Penal Code.  That case was intended to and does decide only that an agreement such as appears in the record of the instant case is admissible in evidence to be considered by the jury, along with other testimony, for the purpose of determining whether or not the defendant is the parent of the illegitimate child, and whether or not there has been any willful failure on his part to support the same.  Such an agreement is merely a piece of evidence to be considered by the jury for whatever it may be worth.  In the case at bar, it amounts to an admission of parentage and that the defendant is willing to pay a certain sum, or was, at the time of the execution of the agreement, but it is not evidence that such sum has been paid, or that the agreement has been kept, or that the amount stipulated to be paid is sufficient for the purposes, or within the ability of the defendant to pay.  The Swiggy case goes no further than to hold that such testimony is admissible.  Its weight and effect are for the jury.

[3]  The appellant finally complains that the court erred in refusing instructions based upon the theory that the agreement to which we have referred and the negotiations attendant thereupon constituted a complete defense.  The instructions of the trial court, however, cover these points fully and completely, and were couched in such clear and concise language that we set them forth herein as a complete answer to the appellant's contentions:

"The omission, however, must be willful, which means with a deliberate intention or set purpose.  Willfulness is a vital ingredient of the crime and implies upon the part of the defendant knowledge and purpose to do wrong.  In other words, before you would be warranted in finding defendant guilty, you must be satisfied to a moral certainty that he knowingly and with a purpose to do wrong failed to provide for his said child.  If, therefore, you find that

the defendant offered to support the child within his means by paying a reasonable sum for that purpose, taking into consideration his earnings, leaving to Miss Wilkinson, the complaining witness, the right to fix such amount, and Miss Wilkinson failed or neglected so to do, then and under such circumstances, I charge you that the element of willfulness in his omission to furnish such support is wanting, and the defendant is entitled to an acquittal. In order to convict the defendant in this case, the evidence must satisfy you beyond a reasonable doubt of the following facts:

"1. That the defendant is the father of the child.

"2. That defendant did not support the child, within the means of the defendant.

"3. That defendant's failure to support the child was with the knowledge and purpose to do wrong and with an evil intent or set purpose to do so.

"4. That defendant's failure to support the child was without lawful excuse, as defined in these instructions.

"All four of the foregoing elements must be established by the evidence, and if you have any reasonable doubt as to whether any one of them has been established, you must give the defendant the benefit of such doubt and find him not guilty.

"In determining whether the omission of the defendant to provide for the minor child was with the purpose to do wrong, the jury should take into consideration all of the actions and conduct of the defendant and his statements, if any, and his offers to perform, if any, and his promises to perform, if any such promises were made.

"Gentlemen of the jury, a contract purporting to have been entered into between Miss Wilkinson and the defendant has been introduced in evidence in this case. I charge you that the defendant should not be convicted of the crime charged because he did not fulfill the terms of the contract. Whether the defendant failed to pay or offered to pay $25 per month under that contract is wholly immaterial. Generally speaking, a person is not guilty of a criminal offense for failure to live up to the terms of his contract. The charge here is failure to provide for a minor child and the question of the guilt or innocence of the defendant must be determined by you independent of any written contract. Any liability under the contract is to be determined in

a civil and not a criminal action, such as this. I charge you that in such cases as this, inability to pay is a lawful excuse. If you find from the evidence that defendant borrowed $460 or any part thereof, to make an initial payment to Miss Wilkinson, the defendant is under a legal obligation to repay this loan. While there is a legal obligation on a parent to support his child, a failure so to do is not criminal if the parent has not the financial ability. I charge you that if you find from the evidence that the defendant, or some person authorized in his behalf so to do, offered to pay Miss Wilkinson a reasonable sum monthly for the support of the child, leaving Miss Wilkinson to state such reasonable amount, and Miss Wilkinson refused to accept such amount, then the defendant is excused from making such payment, and your verdict should be not guilty.''

The judgment and order of the trial are affirmed.

Jones, J., *pro tem.*, and Finch P. J., concurred.