(113 So. 321)

**ST. JOHN v. STATE.** (6 Div. 193.)

Court of Appeals of Alabama. June 7, 1927.

116

Charlton & Charlton, of Birmingham, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

Brief did not reach the reporter.

BRICKEN, P. J. The prosecution against this appellant originated in the domestic relations court of Jefferson county. In that court he was adjudged guilty, and, from the judgment of conviction, he appealed to the circuit court. Upon the trial in the circuit court, the solicitor filed a complaint, charging that:

"W. L. St. John, a husband, did, within 12 months before the beginning of this prosecution, without just cause, desert, or willfully neglect or refuse or fail to provide for the support and maintenance of his wife; she, his said wife being then and there in destitute or necessitous circumstances," etc.

This complaint was drawn under the provisions of section 4480 of the Code 1923, which makes it unlawful for any husband who shall, without just cause, desert, or willfully neglect or refuse or fail to provide for the support and maintenance of his wife; she being then and there in destitute or necessitous circumstances.

In order to secure a conviction under this statute (the marital relation being admitted), the state must offer proof, under the required rules, that is to say, sufficient to show beyond a reasonable doubt and to a moral certainty (1) that the husband did, without just cause, desert his wife, or, without just cause, did willfully neglect or refuse or fail to provide for her support and maintenance; (2) that said wife was then and there in destitute or necessitous circumstances.

 It is needless to state that the rules of evidence and the measure of proof in a case of this character do not differ from that of other criminal cases. The gravamen of the offense is the destitute or necessitous condition of the wife; therefore, unless there is evidence sufficient to establish this material fact, which is, as stated, an essential and controlling ingredient of the offense, no con-

viction for this offense can be had or sustained.

The terms "destitute" and "necessitous" are to be taken in their common everyday acceptation, usage, and meaning. In Webster's New International Dictionary (1923 Ed.) the word "destitute" is defined to be "not possessing the necessaries of life; in a condition of extreme want; without possessions or resources," and "necessitous" is defined "needy, indigent, pressed with poverty." As applied to particular cases, however, we do not see how there could be a fixed standard, and, so far as we know, or can ascertain, the law has fixed none. It may vary with the conditions to which the parties have been accustomed. Common or ordinary observation teaches that the necessities of one person may be luxurious to another accustomed or habituated to different surroundings. We think, therefore, a reasonable construction of this statute and its proper application is to leave it to the jury to ascertain whether or not the facts establish the averment that the alleged injured party was in fact in destitute or necessitous circumstances, *subject of course, to review under the usual rules.*

The word "willful" in this statute, as here applied, should be interpreted as contradistinguished to heedlessness or indifference; in other words, the word "willful" is the synonym of "intentional," or "designed," pursuant to intention or design, without just (lawful) cause.

In the case at bar, numerous points of decision are involved and presented. We need not discuss them all, but only such as are necessary to a proper construction of the statute, and to the decision in this particular case.

The evidence adduced upon this trial and also the respective contentions of the parties were in conflict. It appears that these parties were married in June, 1921, and had lived together until January, 1926. The defendant was employed by the city of Birmingham as a member of the fire department, and had been so employed for six years. His salary was $155 per month, and this was his only source of income. There appears to have been no rift in the marital relations until a short time prior to the alleged commission of the offense here complained of. It was insisted by the state, and the testimony of the prosecutrix tended to support the insistence, that the husband (defendant) voluntarily abandoned her on the 26th day of January, 1926. The defendant insisted and offered testimony in support thereof that an agreement was mutually had between the two to separate, and, aside from the testimony of these two parties, there was no other evidence as to what transpired between them on the occasion when the separation occurred. The parties, however, are agreed upon the matter of the financial provision by the husband for the wife after the time of the separation, that is to say, he was to pay her the sum of $50 per month, together with half of the rent, which he did for two months and a half, that is to say, for the last half of the month of January and for the entire months of February and March. The payment of the rent lasted for the month of February and the last half of the month of January, but was not included in the March payment, as the wife left the apartment the 1st of March, and thereafter the wife was unable to say what her rental expense was, as she went to stay with relatives. The defendant received his salary of $155 per month in equal installments on the 10th and 25th days of each month. The evidence shows that, after making the payments as per his agreement for the last half of January and for the entire months of February and March, he communicated to his wife on or about the 10th day of April, his pay day for the first part of that month, the fact that he would not thereafter pay her, except at the rate of $35 per month. At this point the parties again differ in their statements as to this part of the transaction; the wife stating that the husband told her that he had debts to take care of, and that was the reason he could not pay her but $35 per month; and the husband's insistence being that he had communicated with the attorney designated by his wife, to whom he had made some prior payments, that he had received a statement from a collection agency calling upon him to pay a $69.50 bill, made by his wife, and that he could not pay her but $35 a month until this bill was paid. At all events, the parties are agreed upon the fact that the wife emphatically refused to accept the reduction in the agreed amount to be paid, on or about the 10th or 11th of April; and, on the 24th day of April, made the affidavit which instituted this prosecution.

It is also undisputed that at the time of the separation the wife was left in possession of three rooms completely and comfortably furnished; the furniture being of the value of $1,000, as estimated by the wife. There was evidence tending to show that, before these parties were married to each other, the prosecutrix was a saleslady.

On this appeal the constitutionality of the statute in question is assailed. We shall pretermit a discussion of this question, as it is not necessary to a decision in this case.

It is insisted that the undisputed evidence shows there was a bona fide offer by the husband reasonably to support his wife, assented to and accepted by her, and complied with by the husband within his means, and that this presented a complete defense which entitled the defendant to the general charge,

118

or to the special charge requested in writing thereon.

■ Where there is a bona fide offer by the husband to support the wife and an effort so to do, the ability of the husband in this connection becomes a proper inquiry; that is to say, his income or financial ability should be taken in consideration for the purpose of ascertaining whether such offer is reasonable and made in good faith, or whether it is unreasonable and made for the purpose of avoiding a criminal prosecution. The result of such inquiry should control. The statute is highly penal and involves the intent of the accused. It is not a substitute for an action of divorce, and it was not designed to settle marital controversies nor to furnish relief for violations of marital obligations, except in the sole particular of requiring a husband to support or maintain his wife. The specific charge is a willful neglect or refusal, or the failure to provide for the support and maintenance of the wife, provided she is in destitute or necessitous circumstances. No other offense is involved, and the law does not authorize or contemplate that the wife impose the conditions; in other words, a husband cannot be made a disorderly person or a criminal and be held amenable to this statute by not complying with any conditions in respect to support or maintenance which the wife may see fit to impose. We are of the opinion that the support which this statute was intended to secure is the necessaries of life such as the parties have been accustomed to, and such as the husband is able to provide. The court was specially requested to so charge the jury and in refusing said charge (charge 7) there was reversible error.

■ There was error also in allowing the state, over the objection and exception of defendant, to prove an alleged intimacy between the defendant with another woman prior to the separation of these parties, and after such separation occurred. This evidence was highly prejudicial and should not have been admitted; it was irrelevant and inadmissible, as it could shed no light upon the issues involved upon the trial of this case. Dickey v. State, 20 Ala. App. 367, 102 So. 239; Langwell v. State (Tex. Cr. App.) 290 S. W. 1099.

■■ Courts are not supposed to be ignorant of what everybody else is presumed to know; and certainly it is known generally that, where the only source of income to the husband is $155 per month, the mode of living of himself and family must of necessity be modest under the prevailing high prices for practically every commodity of life; and thus under the undisputed evidence in this case the status of this defendant and his wife, and their condition in life and their manifest custom of living prior to the separation of these parties, may be said to be well and fully established. The question is therefore presented, Did the husband, appellant here, contribute to the support of his wife to the extent of his ability, and did such support of the husband enable the wife (prosecutrix) to live in the manner to which she had been accustomed prior to the separation of the parties? It is conceded that, when the separation here complained of took place, the wife was left in a comfortable apartment consisting of three rooms, with lights, water, and heat supplied; that the apartment was furnished and that the value of the furniture was about $1,000; that the husband agreed to and did pay one-half of the rent of the apartment, and, in addition thereto, gave to prosecutrix, as he had promised to do, the sum of $50 per month; that these conditions prevailed up to the time the wife, without the consent of her husband, bought and had charged to him a coat for her personal use, the price of which was $69.50; and that, when the bill for the cloak was presented to the husband, he informed the wife that, pending the payment of this bill for the cloak, he could only pay her the sum of $35 per month, and made tender to her attorney of said amount, which the prosecutrix peremptorily and emphatically declined to accept, and immediately swore out the warrant which started this prosecution.

■ The law is reasonable and does not require unreasonable things, and one of them is it does not require a man to contribute to his family beyond his ability. Nor will it permit a man to stand convicted of crime upon a state of facts which clearly shows that the support given by him to his wife was all that he could reasonably accord. Young v. State, 19 Ala. App. 664, 100 So. 200.

We are of the opinion that from a fair deduction of all the evidence in this case this prosecutrix was not left in destitute or necessitous circumstances by the husband such as the law contemplates and provides. We think, also, that the support given and that offered or tendered was reasonable and fair in view of the limited income of the accused. In view of these facts, clearly deducible from all the evidence in this case, the accused cannot be adjudged a criminal by the acts of the wife and her arbitrary refusal to accept the reasonable offer of support. The defendant was entitled to the affirmative charge under the undisputed evidence in this case and its refusal was error.

The judgment of conviction from which this appeal was taken is reversed, and a judgment here rendered, discharging the defendant from further custody in this proceeding. The defendant is discharged.

Reversed and rendered.