52 So.2d 820

## UPTON v. STATE.
### 6 Div. 125.

Court of Appeals of Alabama.
Jan. 9, 1951.

Rehearing Denied Feb. 7, 1951.

Reversed on Mandate May 29, 1951.

Ross, Ross & Ross, of Bessemer, for appellant.

CARR, Judge.

In the court below, without the aid of a jury, the trial judge adjudged the accused guilty of non-support. The prosecution is based on the alleged violation of Secs. 89 and 90, Title 34, Code 1940. The parental designation under the latter section was enlarged by the adoption of the former.

In the instant case we are only concerned with: "* * * the father of such child or children, though born out of lawful wedlock."

The authorities hold that this parental relationship may be fixed in either of two ways: (1) By proof that the paternity of the child has been judicially established. (2) By proof that the putative father has publicly acknowledged or treated the child as his own offspring. Law v. State, 238 Ala. 428, 191 So. 803; Coan v. State, 224 Ala. 584, 141 So. 263; Morgan v. State, 28 Ala.App. 241, 182 So. 466.

It appears from the evidence in the case at bar that the appellant has never been declared judicially to be the father of the child in question. Therefore, if the prosecution can be sustained, the proof must be related to the second condition indicated supra.

In February 1938, Edith Hightower, an unmarried woman, caused a bastardy proceeding to issue from the Municipal Court of Bessemer, Alabama, naming the appellant as the father of her unborn child.

While the prosecution was pending in the circuit court the following document was executed by the parties indicated:

| "STATE OF ALABAMA VS. WILLARD UPTON | IN THE JUVENILE AND DOMESTIC RELATIONS COURT OF JEFFERSON COUNTY, ALABAMA, BESSEMER DIVISION |
|---|---|

"This agreement made and entered into by and between Edith Hightower, hereinafter called the prosecutrix, and Willard Upton, hereinafter called the defendant, on

A. A. Carmichael, Atty. Gen., and M. Roland Nachman, Jr., Asst. Atty. Gen., for the State.

this the 20th day of September, 1938, witnesseth:

"Whereas, there is now pending a bastardy proceeding in the Circuit Court of Jefferson County, Alabama, Bessemer Division, wherein the said defendant on a charge of his being the father of Shirley Jean Hightower, born Feb. 22, 1938, her bastard child, and

"Whereas, it is agreed between the said prosecutrix and the said defendant that this case shall be transferred to the Juvenile and Domestic Relations Court of Jefferson County, Alabama, Bessemer Division, after the said defendant, Willard Upton, has acknowledged the parenthood of said child, upon the condition that the said defendant will pay to the said prosecutrix the sum of $300.00 as follows: The sum of $5.00 is to be paid through the said Juvenile and Domestic Relations Court on the 25th day of September, 1938, and a like sum of $5.00 on the 10th day of and the 25th day of each subsequent month until the entire $300.00 is paid in full. In other words the defendant agrees to pay a total sum of $300.00 for the support of said bastard child at the rate of $5.00 per estimate, with the beginning September 25, 1938, after which, under the agreement between the parties, his obligation is to cease. The case in the Circuit Court is to be nol-prossed.

"Signed in duplicate this the 20th day of September, 1938.

(signed) Edith Hightower,
Prosecutrix
(signed) Willard Upton,
Defendant.
Witness:
Geo. W. Upton
Mrs. Onie Hightower."

For convenience of payments all the papers, including the above agreement, were transmitted to the Juvenile and Domestic Relations Court.

The record of payments through the Juvenile Court was introduced in evidence, and it discloses that the appellant made regular remittances to Edith Hightower of weekly payments up to and including October 17, 1940. The total amount thus paid was $250. The remaining amount of $50 was paid by the appellant in four installments to Mrs. Onie Hightower, mother of Edith. These latter payments began on September 20, 1948 and ended February 14, 1950. This constituted all that was contributed by the defendant for the support of the child.

The instant prosecution was instituted on March 25, 1950. Mrs. Onie Hightower made the affidavit on the basis of which the warrant of arrest was issued.

After the child in question was born, its care and custody were assumed by the maternal grandparents, and this relationship existed up to the date of the trial below. In fact, the mother, Edith Hightower, married a person other than the appellant after the child was born, and moved to Texas. She did not appear or testify at the trial of the case at bar.

While a bastardy proceeding is pending, the mother of the child and the putative father may be permitted to consent to a settlement of the case. Martin v. State, 62 Ala. 119; Borden v. State, 27 Ala. App. 271, 170 So. 98; 10 C.J.S., Bastards, § 19, p. 88.

The insistence is urged that the agreement, copied supra, was erroneously admitted in evidence. It is claimed that this was a compromise settlement and its admission offended the rule which prohibits the introduction of documents of this nature.

As we have observed, this instrument was transmitted along with the other papers to the Juvenile and Domestic Relations Court. The payments were made under the supervision of that court according to the terms of the agreement.

It is unquestionably clear to us that this paper, taken in connection with the record of payments, became an evidential factor in determining whether or not the appellant had publicly acknowledged the paternity of the child, and it was admissible in evidence for this purpose.

A very similar agreement was before the California District Court of Appeal in People v. Nelson, 71 Cal.App. 694, 236 P. 208, 209. The putative father was charged with unlawfully failing to provide support for an illegitimate child.

In response to the review the court observed: "That case (People v. Swiggy, 69 Cal.App. 574, 232 P. 174, we interpolate) was intended to and does decide only that an agreement such as appears in the record of the instant case is admissible in evidence to be considered by the jury, along with other testimony, for the purpose of determining whether or not the defendant is the parent of the illegitimate child, and whether or not there has been any willful failure on his part to support the same. Such an agreement is merely a piece of evidence to be considered by the jury for whatever it may be worth. In the case at bar, it amounts to an admission of parentage, and that the defendant is willing to pay a certain sum, or was, at the time of the execution of the agreement * * *."

See also, 10 C.J.S., Bastards, § 20(4), p. 99.

■ We hold in the case as bar that the evidence sustained the finding of the lower court in his conclusion that the appellant publicly acknowledged the fatherhood of the child in question. Law v. State, supra; Morgan v. State, supra; In re Gathings' Estate, 199 Okl. 460, 187 P.2d 981; Coan v. State, supra.

In the Morgan case, supra, we recognized the doctrine of public acknowledgment, but we concluded that the affidavit then before the court was lacking in evidential efficacy to establish the relationship of fatherhood. An examination of the opinion will make this distinction evincingly clear.

It is urged that the proof fails to show that the child was "then and there in destitute circumstances."

Mrs. Onie Hightower was asked this question: "State whether or not the child is in necessitous and destitute circumstances." She replied: "She sure is."

The same witness testified also:

"Q. Are you and your husband able to take care of it? A. No, sir; we are not.

"Q. She is in dire need of the necessities of life at this time and has been for the last twelve months? A. Yes, sir.

"Q. The mother of this child is married and gone to— A.—To Texas somewhere.

"Q. She has never had anything to do with the rearing of the child since it was born? A. No, sir."

There was other evidence to like effect.

■ We held in Higgenbotham v. State, 20 Ala.App. 476, 103 So. 71, that the father is not relieved of the duty to support his children simply because they are living away from him with his consent.

■ The evidence in the instant case authorized the trial judge to conclude that the child was in destitute or necessitous circumstances within the contemplation of the statute upon which the prosecution was based. Crossley v. State, 25 Ala.App. 284, 145 So. 170; St. John v. State, 22 Ala.App. 115, 113 So. 321.

Appellant's counsel states in brief: " * * there was absolutely no evidence offered that the defendant's conduct amounted to 'willful neglect or refusal' ".

■ The duty sought to be enforced by the instant prosecution is not imposed upon the grandparents of the child. The law fixes this responsibility on the father. The element of "willful neglect" as it appears in the statute must be referred to the refusal to perform this mandatory obligation. If the evidence shows that it was not performed and no legal excuse appears for the non-performance, the court may find that the neglect was willful.

■ On direct examination Mrs. Hightower was permitted to answer this question: "State whether or not out of the $300.00 that is stipulated in this agreement, that money was paid to you or your husband for the support of this child." It is argued in brief that "this question was objectionable in that it called for a conclusion of the witness, and that it is not within the exception to the opinion rule in that the records of the Juvenile and Domestic Relations Court were the best evidence of to whom the money was paid."

Counsel imposed only the general grounds in support of the objection. Davis v. State, 35 Ala.App. 312, 46 So.2d 242.

This aside, we do not see how under the undisputed evidence in the case the negative reply to this question could have in any

manner been harmful to the rights of the appellant. Rules of Practice in Supreme Court, rule 45, Code 1940, Tit. 7, Appendix.

Mr. Hightower was permitted to answer these questions: "Are you at this time able to take care of the child?" and "Is she now in necessitous circumstances?" The insistence is made that these questions called for the unauthorized conclusion of the witness.

The objection to the first question does not present this insistence. Davis v. State, supra.

Assuming that the second query violated the rule, the witness described in detail the circumstances incident to the needs and necessitous conditions of the child. In this state of the record, error will not be charged for allowing the affirmative answer to the question. Haas Bros. v. Craft, 9 Ala. App. 404, 64 So. 163; Davis v. State, supra.

This concludes our review of all meritorious questions.

It is ordered that the judgment below be affirmed.

Affirmed.

PER CURIAM.

Reversed on authority of Upton v. State, 255 Ala. 594, 52 So.2d 824.