104 So.2d 775

Woodrow Wilson **TURNER**

v.

**STATE.**

**6 Div. 546.**

Court of Appeals of Alabama.

Aug. 19, 1958.

———◆———

Ferris S. Ritchey, Jr., Birmingham, for appellant.

John Patterson, Atty. Gen., and Alvin T. Prestwood, Asst. Atty. Gen., for the State.

PRICE, Judge.

The trial court, sitting without a jury, found appellant guilty of nonsupport, in violation of Sections 89 and 90, Title 34, Code 1940.

The following agreed statement of facts was introduced in evidence:

"This is an agreed statement of facts in Case No. 98594, which is appealed from the Juvenile Court, wherein the defendant was charged with desertion, or non-support, of the minor child of Jimmie Sue Reynolds. The case in Juvenile Court was tried on November 5, 1956, and the defendant plead not guilty, and he was, further, given a sentence of three months hard labor, after being found guilty, and is now here on appeal.

"In Case No. 82382, this defendant, Woodrow W. Turner, was tried and convicted of the offense of bastardy, wherein he was charged with being the father of the illegitimate child of Jimmie Sue Reynolds. The issue was found in favor of the State, and it was the judgment of the Court that he was the real father of the bastard child of Jimmie Sue Reynolds.

"On December 5, 1945, bond, in the sum of $1,000.00, payable to the probate judge, was filed and approved, to secure judgment.

"Subsequently, for ten years Jimmie Sue Reynolds received through the probate court, $100.00 per year for the support and maintenance of the said child, the tenth and final payment having been made during the year 1955.

"It is agreed and stipulated that since the final payment of $100.00, through the probate court, the defendant, Woodrow Wilson Turner, has paid nothing to any court, or to Jimmie Sue Reynolds, for the

support of the said minor child. The warrant, charging this defendant, Woodrow Wilson Turner, with the desertion, or non-support, was sworn out August 31, 1956.

"Other than by the aforesaid conviction, the defendant, Woodrow Wilson Turner, has never admitted the paternity of the child in any form, either by statement, contribution to the support, nor public acknowledgment.

"The following facts are stipulated with the understanding that I, E. N. Hamill, deputy solicitor, would object to these facts being presented to a jury on the grounds that they are illegal, irrelevant, incompetent, and immaterial, that the matters and things contained herein have already been decided by a petit jury, and the things herein stipulated do not tend to prove or disprove the issues involved in the present case:

"That the defendant, Woodrow Wilson Turner, has always denied and still denies being the father of the child in question, and that subsequent to the birth of the child in question Jimmie Sue Reynolds, a single woman, conceived and gave birth to a second illegitimate child.

"That there is no contention on the part of anyone that the defendant, Woodrow Wilson Turner, is the father of the second illegitimate child."

■ Appellant's counsel insists that the "father of an illegitimate child may be 'called to account', either under the bastardy statute or under the desertion or non-support statutes, but not both. The defendant readily admits that under the Alabama statutes he can be 'called to account' as the father of an illegitimate child. It is the defendant's contention, however, that the statutes provide two ways under either of which he can be called to account, and that when he has paid the penalty provided by one of these methods, he cannot be 'called to account' under the other."

We do not agree with this contention. The appellate courts of this State have held that the non-support statute added to the duty provided in the bastardy statutes by requiring the father of an illegitimate child to support and maintain said child, under the age of eighteen years, if it is in destitute or necessitous circumstances, and subjected him to the penalties of Section 90, Title 34, Code. Patterson v. State, 23 Ala.App. 342, 127 So. 792; Law v. State, 238 Ala. 428, 191 So. 803; Upton v. State, 255 Ala. 594, 52 So.2d 824. See also Ex parte Newsome, 212 Ala. 168, 102 So. 216.

■ To sustain a charge of non-support against the putative father of an illegitimate child [238 Ala. 428, 191 So. 805], "the prosecution must prove either that there has been a judicial determination of his paternity or an acknowledgment of it by him." Law v. State, supra; Coan v. State, 224 Ala. 584, 141 So. 263; Morgan v. State, 28 Ala.App. 241, 182 So. 466.

As shown by the stipulation defendant's paternity has been judicially determined.

■ The child's mother, Jimmie Sue Reynolds, testified that she and her two children live with her mother; that their only source of income is a $50 a month pension her mother draws from the State of Alabama, plus eight or ten dollars a week which the youngest child receives from its father; that the rent on the place where they live is $26 per month; that witness, her mother and the two children have "twenty-four dollars per month, plus the eight or ten dollars a week to provide all the necessities of life, that is, food, clothing, medicine, and incidental expenses." The child in question is thirteen years of age and is in need of medical attention and needs eye glasses.

This evidence was sufficient to authorize the trial judge to conclude the child was in destitute or necessitous circumstances.

**530**

Upton v. State, 36 Ala.App. 94, 52 So. 2d 820, reversed on other grounds. Upton v. State, 255 Ala. 594, 52 So.2d 824.

Affirmed.

