WILLIAM D. PAGE, Circuit Judge.
Prosecution of appellant was in Morgan County Court for non-support of his two minor daughters under Title 34, Section 90, Code of Alabama 1940, Recompiled 1958. *679 Defendant was found guilty by a jury. The jury declined to assess a fine. The trial court sentenced appellant to hard labor for the County for twelve months. On trial and in this Court appellant was represented by retained counsel.
On June 15, 1976, Bonne Hayes, the former wife of appellant, executed affidavit to the effect that within the preceding twelve months appellant “did without just cause, desert, or willfully neglect or refuse or fail to provide for the support and maintenance” of the children, ages seven and five, such children being “in destitute or necessitous circumstances.” Following his arrest appellant was released on bond. Trial was held on November 18, 1976.
At the close of the case for the prosecution the appellant moved to exclude the evidence bringing to the attention of the trial court his contention that the evidence failed to show that the children were in destitute or necessitous circumstances during the period essential to the charge. The motion was overruled. At the close of the entire evidence the motion was renewed and again overruled.
Appellant and his former wife were married in 1967. At that time appellant was a member of the Armed Forces of the United States. The girls were born while the couple was in Germany on assignment by the military. When appellant returned to the United States he was stationed in Texas. The mother and the girls lived in a trailer in Morgan County. The parents were divorced in 1972. The appellant was ordered to pay $50.00 each month for the maintenance and support of both children. Appellant made the support payment for approximately one year. The mother married again in 1974. She and the girls lived with her second husband. During the year 1974 appellant made no payments of support for the children and contributed nothing for their maintenance. The mother divorced a second time in 1975. She and the girls moved into an apartment in a government-subsidized complex in Morgan County. In 1975 the appellant contributed between $150.00 and $200.00 in cash to the support of the children, he gave them some clothes at Christmas and he gave the mother a case of chicken from a truck he was driving in connection with his employment. He was gainfully employed as a truck driver during the period in issue although his employment status at the time of trial was in doubt. The mother was employed at two jobs. She worked as a secretary and also part-time at a barber shop. The children receive free lunches at the school they attend. The mother pays a relative $10.00 each week to attend the children after school and on Saturdays, although on occasion she is not financially able to pay for this service. The mother provides food, clothing and medical attention for the girls to the best of her ability. The girls are about six months behind in their dental work because the mother does not have funds with which to pay for the dental work. There is medical insurance covering the children although the record is not clear whether this insurance is paid for by the mother directly or through her place of employment. It is sufficient to say that the appellant does not pay for the medical insurance. The clothing for the girls includes shoes that are purchased at rummage sales. The mother nets $193.00 each two weeks from her employment as a secretary. She works at the barber shop on Saturdays and earns $15.00 per week. Her expenses include $74.00 per month for utilities, and $32.00 per month payment on a bank loan obtained for dental and other needs of the children. On one occasion the aunt of the girls bought the groceries for them and their mother because the mother did not have the necessary funds. There were unpaid bills for medicine for the children. Their clothes were patched at time of trial. The appellant earns approximately $235.00 gross each ten days when he is employed as a truck driver although his employment is sporadic.
The appellant testified that he did not pay for the support of the children because the mother told him he could not see the children. This was denied by the mother. The testimony reveals that the appellant had custody of the children on two occasions in 1975 and took them to the home of his parents.
*680 Appellant contends that as a matter of law the children were not in destitute or necessitous circumstances under the evidence and that the motion to exclude should have been granted. That issue was properly presented to the jury to be weighed and considered from all the surrounding circumstances. Crossley v. State, 25 Ala.App. 284, 145 So. 170 (1932); Gargis v. State, 29 Ala.App. 203, 194 So. 429 (1940). There is no fixed standard under our law to determine whether children are in destitute or necessitous circumstances. It will vary with the circumstances to which the parties are accustomed and according to the needs of the children. It is only reasonable that the issue should properly be submitted to the jury for its determination considering the needs of the children, the ability of the mother to provide for the children and the ability and efforts of the father to provide for the children. There is no requirement that the children be forced to the brink of starvation. It is sufficient if the children are in economic need. Rouse v. State, 43 Ala.App. 171, 184 So.2d 839 (1966).
Appellant urges reversal because the facts do not show that the children are in destitute or necessitous circumstances as a matter of law citing Turner v. State, 343 So.2d 591 (Ala.1977). That case stands for the proposition that a conviction under Section 90 cannot stand merely upon a showing of economic need on the part of the children. The prosecution must show beyond a reasonable doubt from the evidence that the children are in destitute or necessitous circumstances. In Turner this Court affirmed the conviction without opinion. Application for rehearing was overruled without opinion. The case was before the Supreme Court by writ of certiorari. In the application the defendant requested finding of facts and submitted his proposed findings pursuant to Rule 39(k), Alabama Rules of Appellate Procedure. The State did not submit any facts supporting the charge that the minors were in destitute or necessitous circumstances. The Supreme Court held that, since there was no evidence or facts to show the actual condition of the children, the conviction could not stand because it would be founded on surmise only. In the instant case there is adequate evidence, if believed by the jury, upon which the conviction can be founded. There was sufficient evidence warranting submission to the jury and to authorize the jury to conclude the children were in destitute and necessitous circumstances. Turner v. State, 39 Ala.App. 527, 104 So.2d 775 (1958).
Appellant urges that the conviction should be reversed because it was not shown that he was aware that the children were in need of material assistance and, therefore, no evidence that his conduct amounted to “willful neglect and refusal”. The element of “willful neglect” as it appears in the statute must be referred to the refusal to perform the mandatory obligation of the father to support his children. If the evidence shows that the mandatory obligation was not performed and no legal excuse appears for the non-performance, the trier of the fact may find that the refusal was willful. Upton v. State, 36 Ala.App. 94, 52 So.2d 820, reversed on other grounds, 255 Ala. 594, 52 So.2d 824 (1951).
Appellant presents for review the refusal of nine charges requested in writing. No argument is made on the refusal of either charge requested and no citation of authority in support of any charge is given. The Court has reviewed each requested charge in conjunction with the evidence, the oral charge, and the written requested charges which were given. We conclude that the jury was fairly and adequately charged on the applicable law.
The entire record has been searched for errors injuriously affecting the substantial rights of appellant. None have been found. Accordingly, the judgment of conviction is affirmed.
The foregoing opinion was prepared by Hon. William D. Page, Circuit Judge, temporarily on duty on the Court pursuant to subsection (4) of Section 38, Title 13, Code of Alabama, 1940, Recomp. 1958; the Court has adopted this opinion as its own.
AFFIRMED.
All the Judges concur.