BOWEN W. SIMMONS, Retired Circuit Judge.
Appellant was convicted in the Circuit Court of Houston County for non-support of his minor child and sentenced to hard labor for Houston County for a period of twelve months.
Appellant was accused by information filed in the Juvenile Section of the Circuit Court Family Division, without lawful ex *309 cuse, of deserting, or willfully neglecting, or refusing, or failing to provide for the maintenance and support of his child, Lisa Michelle Davis, age five. He was tried and convicted without the aid of a jury. He appealed.
It appears that the mother, Voncille Davis, and appellant-defendant, were married in 1972 and divorced September 29, 1977. This child was a progeny of the marriage.
It further appears that the child lived with her mother in Houston County. It appears that the mother was employed “going on two years, but not regularly” as a cook earning $79 per week; that she paid $65 per month rent; that she did not own a house. She testified that to start with her ex-husband did not pay any support for the child. Later, he gave the child from $1 to $10 “every chance he would come over there to see her, I suppose, or either I would take her by there to see him.” Mrs. Davis further stated that “she bought her something with it — you know — I took some of it and bought food with some of it. It continued for three or four months.” After this period of time, the appellant did not pay any money to Lisa Michelle except $20 given to the mother when the child needed to go to the doctor, and this happened only once. After that time, he did not pay any money until November when the trial began. Mrs. Davis stated that “after in court” he had paid $20 every week. The child received support for day care from the State Department of Pensions and Security while the mother was at work. Mrs. Davis stated that she had gotten food stamps at one time, but had stopped. When asked why, the witness testified, “I couldn’t get the money to buy them with.” We quote from the record:
“Q. Did you have to buy them — how much — how often did you have to buy them?
“A. It is a hundred dollars a month every two weeks.
“Q. Fifty dollars every two weeks?
“A. Yes, sir.
“Q. How did you buy food after you quit buying food stamps?
“A. I take things home from — you know — I have five or ten dollars left over from my paycheck sometimes, and I took what money he gave me up to then to— you know — to buy food with. I have had my next door neighbor helping me along with them.
“Q. Is there anything you haven’t been able to buy your child that your child needs?
“A. Yes.
“Q. What is that?
“A. Clothes.
“Q. Clothes?
“A. Yes.
“Q. Anything else?
“A. Shoes, underwear, stuff like that.
“Q. What about medical or dental bills?
“A. I can’t afford to pay doctor bills either.
“Q. Does she need to see the doctor?
“A. Well, ever so often.
“Q. Ever so often?
;}: sk sfc s}: # %
“Q. (BY MR. STOREY — cont’d:) Before you took out the warrant, did your child need to see a doctor at times?
“A. Yes, sir.
“Q. Were you able to pay the doctor bills?
“A. No, sir.
“Q. Were you able to take your daughter to the doctor?
“A. No, sir.
“Q. Why?
“A. Because I didn’t have the money, and they told me not to bring her back over there until the doctor bill was paid.
“Q. Is there anything else that your child needs that you haven’t been able to buy?
“A. No more than food is all.
“Q. Food, clothing and doctor bills — you haven’t been able to buy?
“A. That is true.”
We think the child needed economic support which appellant failed to provide and that the appellant violated § 30-4-51, Code of Ala.1975. Hayes v. State, Ala.Cr.App., *310 351 So.2d 678; Poke v. State, Ala., 369 So.2d 840 [1979].
The judgment is affirmed.
The foregoing opinion was prepared by the Honorable BOWEN W. SIMMONS, a Retired Circuit Judge, serving as a judge of this court under the provisions of § 6.10 of the new Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.