# Holland *v.* The State.

## *Prosecution for Trespass After Warning.*

1. *Trespass after warning; sufficiency of affidavit.*—Where a prosecution for a trespass after warning is commenced by affidavit, which is substantially in the language of the statute (Code, § 5606), such affidavit is not subject to objection for the lack of particular description of the premises alleged to have been trespassed upon, and is not subject to the objection that it fails to charge an offense.

2. *Trespass after warning; defense.*—In a prosecution for trespass after warning, it is no defense that the defendant was a tenant of a house of the owner of the premises trespassed upon, and went upon said premises after warning, at the request of a third party who wished to give him a receipt, it being shown that the house occupied by the defendant was separate and apart from the premises trespassed upon, and as to which he had been warned.

APPEAL from the Circuit Court of Walker.

Tried before the Hon. ED. B. ALMON.

The appellant in this case, R. M. Holland, was prosecuted and convicted for trespass after warning. The proesecution was instituted in the county court of Walker county by the making of an affidavit before a notary public and *ex officio* justice of the peace, which affidavit was in words and figures as follows: "Before me, W. S. Sowell, N. P. Ex. off. J. P. of said county, personally appeared P. L. Dryer who, by me first being duly sworn, deposes and says that he has probable cause to believe, and does believe, that within twelve months before making this affidavit, and in said county R. M. Holland unlawfully committed trespass after warning, against the peace and dignity of the State of Alabama."

This affidavit was subsequenty amended in the county court so as to read as follows: "Comes the State by its solicitor and amends the affidavit so as to read as fol-

lows, that the said R. M. Holland, without legal cause or good excuse entered on the premises of the Empire Coal Company, after having been warned, within six months preceding not to do so, or the said R. M. Holland having entered on the premises of the Empire Coal Company without having been warned within six months not to do so, failed or refused, without legal cause or good excuse, to immediately leave on being requested or ordered to do so by the person in possession of said premises or by its agents or representatives."

From a judgment of conviction by the county court, the defendant appealed to the circuit court.

The transcript of the proceedings in the county court do not show that there was any objection made to the amendment of the complaint as allowed in the county court, and no question was raised in the circuit court as to the propriety of the amendment made. In the circuit court a complaint was filed by the solicitor, which was substantially the same as the amended affidavit it filed in the county court. In the circuit court there was a demurrer to the complaint and a motion made to quash the affidavit and warrant, upon the grounds that the affidavit and warrant do not allege a description of the property trespassed upon, and do not charge the defendant with any offense. This demurrer and motion were each separately overruled, and to each of these rulings the defendant separately excepted.

On the trial of the case, the bill of exceptions sets out the testimony as follows: "And thereupon the following testimony was had on behalf of the State: that the defendant was on the 10th day of August, 1903, 'served with a written notice not to enter on the premises of the Empire Coal Company; that on the 14th day of August, 1903, the defendant was on a lumber pile, the property of the Empire Coal Company, which lumber pile was located on the land of said company, and which land was in possession of said Empire Coal Company; that the land was in Walker County, Alabama, and that the offense was committed in Walker County, Alabama, after which testimony the State thereupon rested.

"And the following testimony was had in behalf of the

defendant: That defendant was a sub-tenant, occupying a house on the premises of the Empire Coal Company about 300 or 400 yards from this lumber pile; that his rent was paid by the month; that on the 13th day of August, 1903, he was walking from the commissary of the Empire Coal Company, but was not there on the 14th of August, on a road that was used by the public generally and by which the mail was carried from and to Empire to Dora, Alabama; that said commissary was patronized by the public generally; that the house which the defendant occupied was unenclosed by any fence; that said road was a road that led from the commissary to the house of the defendant; that there was a lumber pile in a few feet of said road upon which the prosecution proved the defendant was on the 14th day of August, 1903; that defendant went on said lumber pile because he was asked to do so by one Hill; that said Hill wanted to give the defendant a receipt."

The court in its oral charge to the jury instructed them as follows: "If the jury believe from the evidence beyond a reasonable doubt that the defendant on the 14th day of August, 1903, without legal cause or good excuse, went upon the premises of the Empire Coal Company which was in possession of the Empire Coal Company, after having been warned within six months preceding not to do so, they will find the defendant guilty. That if the jury believe from the evidence beyond a reasonable doubt that the defendant was a sub-tenant of the Empire Coal Company in a house 300 or 400 yards distant from the said lumber pile, and that he was invited by Hill to go upon the lands of the said company, that would not be legal cause or good excuse for the defendant to enter upon the lands of said company at said lumber pile."

The defendant separately excepted to this portion of the court's oral charge to the jury, and also separately excepted to the court's refusal to give the following charge requested by it: "If the jury believe that the defendant was a tenant on the premises of the Empire Coal Company on the 14th day of August, 1903, they must find the defendant not guilty."

FRANK S. WHITE & SONS, for appellant.—The affidavit upon which defendant was arrested was a nullity. It charged no offense; it did not even set out a cause of action in a civil suit.—*Miles v. State,* 94 Ala. 106.

MASSEY WILSON, Attorney-General, for the State. The court properly allowed the amendment to the affidavit.—*Wright v. State,* 136 Ala. 139; *Keller v. State,* 123 Ala. 94; *Williams v. State,* 88 Ala. 30; *Gandy v. State,* 81 Ala. 68; *Brazelton v. State,* 66 Ala. 86; Code, §§ 5600 and 5606.

It was no defense to the trespass complained of that the defendant was a tenant of the Empire Coal Company, the owners of said premises.—*Putnam v. State,* 117 Ala. 694; *Burks v. State,* 117 Ala. 148; *Withers v. State,* 117 Ala. 89; *Sherman v. State,* 105 Ala. 115.

The sufficiency of the defendant's excuse was a question of law for the court, and the court properly charged the jury that such excuse was not sufficient.—*Watson v. State,* 63 Ala. 19; *Wilson v. State,* 87 Ala. 117; *Lawson v. State,* 100 Ala. 7; *Withers v. State,* 117 Ala. 89.

SHARPE, J.—In the circuit court no question was raised as to the propriety of the county court's action in allowing the affidavit by which the prosecution was commenced to be amended, and consequently no such question is here for review. Generally in prosecutions begun by affidavit amendments to the affidavit may be allowed.—*Wright v. State,* 136 Ala. 139. As amended the affidavit charges an offense substantially in the language of section 5606 of the Code, and is not subject to objection for lack of a particular description of the premises alleged to have been trespassed upon, or to any objection taken by the motion to quash or by the demurrer.—*Watson v. State,* 63 Ala. 19.

The fact that defendant was a tenant of a house owned by the Empire Coal Company, did not carry to him the privilege of entering upon other premises of which that company was in possession. The contrary seems to have been assumed in the charge refused, hence the refusal was proper. Neither the fact of such tenancy, or the fact

[Bell v. The State.]

that defendant was requested by a third person who wanted to give him a receipt to go upon such other premises furnished the defendant any legal excuse for disregarding the warning against such entry, and this the court had a right to assert as a matter of law in its oral charge.

No reversible error appearing, the judgment will be affirmed.