# Morrison *v.* The State.

*Trespass.*

(Decided May 14, 1907.   44 South. 43.)

1. *Trespass; Information; Designation of Accused.*—An affidavit which designates accused as E. C. Morrison sufficient charges that he is an individual as distinguished from a firm or corporation.

2.—*Criminal Law; Appeal; Reservation of Ground; Necessity of Objection.*—Where the record shows that the court ex mero motu charged to find for defendant as to the second count and that the jury returned a verdict of guilty on such count upon which judgment was rendered, but the record fails to disclose that any motion was made to set it aside or any objection taken thereto, it is not such error on appeal as will work a reversal.

3. *Same; Judgment to Support an Appeal.*—Where it appears from the record that there was a verdict of guilty and a judgment of guilt and an order for recovery of the fine and costs so assessed, although there was no confession of judgment or sentence to pay the fine and costs, such judgment will support an appeal.

4. *Appeal; Harmless Error; Rejection of Evidence.*—Where defendant had already testified as to why he was within an enclosure, it was not error to sustain an objection to a subsequent question as to why he was within the enclosure.

5. *Trial; Instructions; Request in Bulk.*—Where charges are requested in bulk it is not error to refuse them unless all are good.

6. *Appeal; Review; Harmless Error.*—Where the evidence tended to show that the premises were private property used for a spcial purpose, and not a public place in the sense that the public had the right to go there and remain at will at any and all times, and defendant had been warned not to go there and at the time he went had no business with the owner, a charge of the court to the jury, upon their return for additional instruction, and in answer to their question if it was a public place, that it was a question for them to decide, but that the court was inclined to think that it was not such a public place as the statute contemplated, was not prejudicial to defendant since it was upon an immaterial matter, as the owner had the right to order defendant away.  .

APPEAL from Bessemer City Court.

Heard before Hon. WILLIAM JACKSON.

From a conviction for trespass after warning, E. C. Morrison appeals. The facts are sufficient stated in the opinion. Affirmed.

FRANK S. WHITE & SONS, for appellant.—No brief
came to the Reporter.

ALEXANDER M. GARBER, Attorney General, for State.
—The motion of defendant to quash the complaint was
properly overruled and the amendment properly al-
lowed.—*Wright v. The State*, 136 Ala. 139; *Holland v.
The State*, 139 Ala. 120. The request for the charges
were in bulk and were properly refused unless all were
good.—*Andrews v. The State*, 43 South. 192; *Verberg
v. The State*, 137 Ala. 73.

DENSON, J.—Section 5606 of the Code of 1896 pro-
vides that "any person, who, without legal cause or good
excuse, enters into the dwelling house, or on the prem-
ises of another, after having been warned, within six
months preceding, not to do so; or any person who, hav-
ing entered into the dwelling house or on the premises
of another without having been warned within six
months not to do so, and fails or refuses, without legal
cause or good excuse, to immediately leave on being or-
dered or requested to do so by the person in possession,
his agent or representative, must on conviction," etc.
The affidavit on which the defendant was tried em-
braced both alternatives contained in the statute, and
the solicitor and court designated the alternatives as
the first and second counts in the affidavit. An amend-
ment was made to the second alternative, designated as
the second count, and as amended the offense as desig-
nated in the second alternative of the statute is charged.

The motion to quash the affidavit on the ground that
it does not aver that the defendant is an individual, a
partnership, or a corporation, was properly overruled.
The defendant is designated as "E. C. Morrison," and
this is a complete answer to the motion.

The record shows that the court, ex mero motu, gave the affirmative charge in favor of the defendant as to the second count in the affidavit, and yet we find that the verdict of the jury is a finding of guilt under that count. This is somewhat anomalous, but no motion to set aside the verdict seems to have been made, and as the court accepted the verdict, and rendered judgment upon it, this of itself does not afford ground for error here.

While there is a verdict of guilt, an assessment of a fine of one cent, a judgment of guilt on the verdict, and an order of recovery of the fine and costs, there is no confession of judgment for the fine, nor sentence to hard labor to pay the fine and costs. Nevertheless the judgment of conviction will support the appeal, and we must consider the questions presented by the bill of exceptions.

H. M. Bryars testified for the state that he was, prior to the time the defendant was arrested, and at the time he was arrested, superintendent of the Tennessee Coal, Iron & Railroad Company, a corporation, and in charge of its property and lands; that he authorized W. R. Bennett to keep and warn trespassers off the company's property and lands; that at this time the inclosure of the company surrounding its pay office was in possession of said company and used as a place to pay off the men; and that the defendant was not in the company's employment at all. The defendant was at the pay window, inside of the inclosure surrounding the pay office, and was ordered by W. R. Bennett to leave, and defendant told Bennett he would not leave until he was made to do so. Upon the defendant's refusal to leave the premises, Bennett, being a deputy sheriff, arrested the defendant for trespass. The venue was shown.

The defendant was a butcher, and a large number of the company's employes were customers of his, buying

meats on credit. Defendant testified that on the day he was arrested for trespass a large number of the employes of the company were indebted to him, and that he was there making collections from the employes as they were paid off; that at the point where defendant was arrested for the alleged trespass the public generally congregated and went, and collectors and the public generally had gone upon said premises as they saw fit, for years past; that it was a public place. The defendant was then asked what he was doing there at the time he was arrested. The court sustained the solicitor's objection to the question. In this ruling there was no error. The defendant had already stated that he was there making collections from the employes as they were paid off. The same observations are applicable to the action of the court in sustaining the solicitor's objection to the other question propounded to the defendant.

The charges of the defendant were asked in bulk. The second charge is abstract, and therefore the court committed no error in its refusal of the charges.

The jury, after retiring to consider the case, returned with the report that they could not agree, and stated to the court that they did not know whether it was a public place or not. Thereupon the court told the jury that that was a question for them to decide, but that he was inclined to think it was not a public place as contemplated by the statute. To this statement by the court to the jury the defendant excepted. The undisputed evidence shows that the premises where the defendant was when warned or ordered to leave, were those of the company, and were in the company's possession, and used for a special purpose; and whether persons were permitted to go on the premises without invitation and without restraint, under such circumstances as would render the premises a public place, while it might be a

question which could not be determined as a matter of law by the court in a proper case, yet we cannot see what bearing the fact as to whether or not the place was public, even by usage, can have in respect to the guilt or innocence of the defendant. It was certainly not a public place, in the sense that the public had a right at all times, or at any time ,to go there and remain at will. The defendant had no business with the company, but was there in respect to his own private business; and notwithstanding people other than the company's employes were in the habit of resorting there, they were mere licensees, and the company might at any time stop them from resorting there by giving the warning contemplated by the statute, or might exercise the right to order them away after arrival on the premises; and the fact that one, as did the defendant, might have a matter of business to be transacted with an employe of the defendant, would not constitute a legal excuse for not heeding the warning or order.—*Holland's Case*, 139 Ala. 120, 35 South. 1009. In this view of the case, it occurs to us that the remarks of the court were upon an immaterial matter, and could not have worked any injury to the defendant.

There is no reversible error in the record, and the judgment is affirmed.

Affirmed.

TYSON, C. J., and HARALSON and SIMPSON, JJ., concur.