(91 South. 323)

## RICHBURG v. STATE.    (4 Div. 671.)*

(Court of Appeals of Alabama. June 21, 1921. Rehearing Denied July 19, 1921.)

1. Criminal law ⬤⇒1120(4)—Evidence that defendant had pleaded guilty not reversible error, when offense not shown.

On a trial for violating the prohibition laws, there was no reversible error in permitting the state to show that defendant had pleaded guilty in the county court, where there is nothing in the record to show the offense for which he pleaded guilty.

2. Criminal law ⬤⇒1037(1)—Propriety of permitting solicitor's statement to include charge not in affidavit, not raised below, cannot be raised on appeal.

Where no question was raised in the circuit court as to the propriety of permitting the solicitor's statement to include the charge of having possession of prohibited liquors, when the original affidavit only charged the sale of such liquors, no such question is reviewable on appeal.

---

**3. Intoxicating liquors ⬅️238(1) — General charge properly refused, on evidence showing possession of liquor smelling like rum.**

Testimony of a witness that defendant had possession of a designated amount of whisky or rum, and that he smelled it, and that it was rum, justifies the refusal of the general charge.

Appeal from Circuit Court, Crenshaw County; A. E. Gamble, Judge.

Homer Richburg was convicted of violating the prohibition law, and he appealed. Affirmed.

The facts on which the opinion is rested sufficiently appear therefrom.

Frank B. Bricken, of Luverne, and Hill, Hill, Whiting & Thomas, of Montgomery, for appellant.

The trial court erred in permitting Sacks to testify that defendant pleaded guilty in the county court. 83 Ala. 46, 3 South. 305; 10 Ala. App. 183, 65 South. 307; 71 Ala. 271; 3 Ala. App. 24, 58 South. 68. The court erred in allowing the complaint in the circuit court to be so amended as to charge a separate and distinct offense. 16 Ala. App. 138, 75 South. 814; 81 Ala. 68, 1 South. 35; 139 Ala. 120, 35 South. 1009. On these authorities the defendant was entitled to an instructed verdict.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

MERRITT, J. [1] The appellant was convicted of a violation of the prohibition laws; a fine being fixed by the jury, and the court adding an additional hard labor sentence. There was no reversible error in permitting the state to show that the defendant pleaded guilty in the county court. There is nothing in the record to show for what offense he pleaded guilty.

[2] In the circuit court no question was raised as to the propriety of the court's action in permitting the solicitor's statement to include the charge of having possession of prohibited liquors, when the original affidavit only charged the selling of such liquors; consequently no such question is here for review. Holland v. State, 139 Ala. 120, 35 South. 1009.

[3] There was only one witness in the case, one Sykes, who testified that the defendant was in possession of a designated amount of whisky or rum, and, while he did not taste it, he testified that he smelled it, and it was rum. With this evidence before the jury, the trial court very properly refused the general charge for the defendant.

There is no error in the record, and the judgment appealed from is affirmed.

Affirmed.