163 So. 377

### Ellis MONTGOMERY v. STATE.

### 8 Div. 648.

Supreme Court of Alabama.

May 2, 1935.

Rehearing Denied Oct. 10, 1935.

■

, A. A. Carmichael, Atty. Gen., and Jas. L. Screws, Asst. Atty. Gen., for the State.

A. Leo Oberdorfer, Frank Bainbridge, Henry Upson Sims, George R. Stuart, and Horace C. Wilkinson, all of Birmingham, amici curiæ.

Raymond Murphy, of Florence, for respondent.

PER CURIAM.

Writ denied on authority of Montgomery v. State, ante, p. 1, 163 So. 365.

ANDERSON, C. J., THOMAS, BROWN and KNIGHT, JJ., concur.

GARDNER, BOULDIN, and FOSTER, JJ., dissent.

FOSTER, Justice (dissenting).

When we considered the Probation Act of September 28, 1932 (Gen. Acts 1932, Ex. Sess., p. 54), upon inquiry from the Court of Appeals, we had an abstract question, always unsatisfactory. On this proceeding we have the concrete situation shown us, and the valuable aid of briefs. That opinion should, we think, be limited to the extent to be stated in this.

The opinion of the Court of Appeals shows that appellant was convicted of petit larceny in the law and equity court of Lauderdale county on January 2, 1933, and on that day was sentenced to hard labor for the county for ten days as a punishment, and forty days additional for costs, and on the same day the sentence was suspended to a definite time, to wit, March 1, 1933. On October 1, 1934, he was brought into court and resentenced for nine days of the ten first imposed, and to an additional term of six months, and so that for the costs the term was made fifty-six days instead of forty.

The authority to do this is said to be the Act of September 28, 1932 (Gen. Acts 1932, Ex. Sess., p. 54), copied in the opinion of the Court of Appeals, augmented by the Probation Act of July 14, 1931, p. 443. Section 2 of that act provides: "At any time within the probation period the probation officer may arrest the probationer without a warrant, or the court may issue a warrant for his arrest. Thereupon such probationer shall forthwith be taken before the court. At any time after the probation period, but within the maximum period for which the defendant might originally have been sentenced, the court may issue a warrant and cause the defendant to be arrested and brought before the court. Thereupon the court may revoke the probation or the suspension of sentence, and may impose any sentence which might originally have been imposed."

Those acts are so closely related to sections 724 and 725, title 18 USCA, that they must have been intended to adopt the federal law except as modified. The difference material to note is that the Alabama act applies after the judge or jury has fixed the punishment at not more than ten years

in the penitentiary, and to all sentences to hard labor. The federal act applies to the conviction of any crime not punishable by death or life imprisonment. Section 2 of the Probation Act of Alabama 1931, p. 443, here applicable, and section 725, 18 USCA, supra, are in the same language. The difference thus stated is not material to this case. So far as it is concerned, the state and federal laws are the same in all material respects.

Section 2, art. 2 of the Federal Constitution, confers upon the President the "power to grant Reprieves and Pardons for Offenses against the United States, except in Cases of Impeachment." Section 124 of the Alabama Constitution (1901) confers upon the Governor the power, after conviction, "to grant reprieves, paroles, commutations of sentence, and pardons, except in cases of impeachment." This is supplemented by law. Sections 5127, 5153, Code.

Having apparently enacted the federal law, except as thus modified, to the extent that the modification is not applicable, the Legislature thereby gave effect to the construction which the United States Supreme Court had made of it. Their determination of its effect in the light of section 2, article 2, and of the Fifth Amendment, is also persuasive of our construction of the Alabama act in the light of sections 124 and 9 of the Alabama Constitution (1901). The United States Supreme Court had, at the time our acts were passed, fully considered the federal act in respect to the powers of the court as compared with the pardoning power of the President within the constitutional grant stated above. The result of the holding is that it is not an exercise of the parole or pardon power, but a constitutional function of the court, for it to diminish, revoke. or suspend the punishment fixed by its judgment within the limits of legal authority and while the judgment is "in the breast of the court." United States v. Benz, 282 U. S. 304, 51 S. Ct. 113, 114, 75 L. Ed. 354, 355. That by virtue of the Fifth Amendment to the Federal Constitution (see section 9, Ala. Constitution [1901]) the court cannot, even within the time when power over the judgments continues, increase the punishment which it had previously fixed, though it could, within that time, diminish it or suspend its operation. This was a modification of the holding in United States v. Murray, 275 U. S. 347, 48 S. Ct.

146, 72 L. Ed. 309, and was predicated upon a principle which had been long fixed by the United States Supreme Court. Re Lange, 18 Wall. 163, 21 L. Ed. 872; Bassett v. United States, 9 Wall. 38, 39, 19 L. Ed. 548.

Since this act is just now coming to our attention, we think it well to quote from the opinion in the Benz Case, supra:

"It involves only the inquiry whether the court possessed the power to recall the prisoner, set aside the sentence, and impose another modified sentence during the same term. * * *

"We find nothing in the suggestion that the action of the district court in reducing the punishment after the prisoner had served a part of the imprisonment originally imposed was a usurpation of the pardoning power of the executive. The judicial power and the executive power over sentences are readily distinguishable. To render judgment is a judicial function. To carry the judgment into effect is an executive function. To cut short a sentence by an act of clemency is an exercise of executive power which abridges the enforcement of the judgment, but does not alter it qua judgment. To reduce a sentence by amendment alters the terms of the judgment itself and is a judicial act as much as the imposition of the sentence in the first instance."

We also wish to quote from Judge Hughes in Burns v. United States, 287 U. S. 216, 53 S. Ct. 154, 155, 77 L. Ed. 266, which, of course, is applicable to the Alabama statute: "The Federal Probation Act (March 4, 1925, c. 521, 43 Stat. 1259, USCA title 18, §§ 724–727), confers an authority commensurate with its object. It was designed to provide a period of grace in order to aid the rehabilitation of a penitent offender; to take advantage of an opportunity for reformation which actual service of the suspended sentence might make less probable. United States v. Murray, 275 U. S. 347, 357, 358, 48 S. Ct. 146, 72 L. Ed. 309, 312, 313; H. R. Rep. No. 423, 68th Cong., 1st Sess."

In that case sentence was imposed and suspended pending probation. The Supreme Court held that the District Court had the power after the suspension to revoke the probation, even after the term of court had elapsed.

In the Murray Case, supra, written by Chief Justice Taft, the court held that

after the term of court, or also after the sentence had begun, though during the term, the court did not have the power to suspend, though the act was broad enough to that end. That is what was modified in the Benz Case, supra, so that the court was held to have such power during the term, though performance of the sentence had begun, but that no modification could be made after the term, not even the initial order of a suspension of the punishment, for that would be in the nature of a parole; but that during the term it could be suspended or reduced by express legislative authority, but not increased, for its increase would violate the Fifth Amendment (section 9, Alabama Const. 1901).

Prior to the Probation Act it had been held that the court had no such inherent powers (Ex parte United States, 242 U. S. 27, 37 S. Ct. 72, 61 L. Ed. 129, L. R. A. 1917E, 1178, Ann. Cas. 1917B, 355), but Chief Justice White there suggested that legislation could make a grant of the power. But the grant must be the exercise of a judicial function, and not an encroachment on the pardon or parole power of the executive. While the judgment is in the breast of the court, it has the power, when the right is conferred by Legislature, to suspend the judgment pending probation; which it also has the legislative power to prescribe.

So long as the court is in the exercise of authority conferred by law to fix and prescribe the punishment, at a time when by law it has power over the judgment, it is in the exercise of a judicial, not an executive function. The Legislature has the power to fix the limits of the punishment, and the manner of its imposition, and confer upon the courts a discretionary power in respect to its imposition and its execution, without encroaching on the executive. The court could be empowered, and often is, to determine whether there shall be a sentence imposed at all. That is a discretion which invokes the same consideration as that to determine whether it may be better to place the defendant on probation rather than at hard labor or in jail. Such determination while the court still has judicial control of its judgment in that particular cause, exercised as authorized by express legislation, is, in our opinion, a proper function of the court. We concede that after the court has ceased to have control over the judgment, any legislation to confer on it the

power to suspend is to that extent an invasion of the executive prerogative, and without effect.

In none of the cases decided by the United States Supreme Court did the District Court attempt, after the term expired, during or after probation, to enlarge the extent of the punishment. But it is clear that the punishment cannot be enlarged at any time after it is pronounced (Fifth Amendment Federal Constitution; section 9 Alabama Const. 1901), though the judgment is within the breast of the court. After the judicial power of the court was terminated, any diminution of sentence by it is without its province and suspension is then but an exercise of the power of parole, and not within the province of the court.

It seems to us logically to follow that the authority attempted to be conferred by the Act of 1931, p. 443, § 2, by which the court is empowered after the probation period has expired to "impose any sentence which might originally have been imposed," is therefore abortive, to the extent that it permits the punishment to be enlarged in violation of section 9 of the Constitution. And when the federal courts referred to the power of the District Court to modify, by diminishing or suspending a judgment during the term, it was observing the common-law powers of the court extending throughout the term, in which the judgment was "in the breast of the court." 34 Corpus Juris, 207. But the period of time in which the court may exercise its judicial functions may be fixed by statute, changing the common-law rule. 34 Corpus Juris, 221.

That rule has been limited in Alabama so as to extend only to thirty days after the judgment is rendered (not beyond the term at which it was rendered, by construction). Section 6670, Code.

The power to suspend for a limited time a sentence imposed by the circuit court was upheld by the Court of Appeals in construing what is now section 5284, Code, when it was section 7628, Code of 1907.

It was also held by that court not to be an exercise of the executive power to pardon. Barrett v. State, 18 Ala. App. 246, 90 So. 13, certiorari denied 206 Ala. 698, 90 So. 925. Since the Code of 1923 that view has been again expressed by that court. Clark v. State, 20 Ala. App. 472, 102 So. 916.

44

While the act we are considering is more extensive than section 5284, Code, the right to suspend sentence as declared in each of them is controlled by similar questions of constitutional construction.

This view is said to be in accord with that of a majority of the states. 26 A. L. R. 399. In addition to the cases there cited, the following support the same principle: Emerson v. Boyles, 170 Ark. 621, 280 S. W. 1005; State v. District Court, 73 Mont. 541, 237 P. 525; State v. Drew, 75 N. H. 402, 74 A. 875; Id., 75 N. H. 604, 76 A. 191; In re Hall, 100 Vt. 197, 136 A. 24.

The Lauderdale law and equity court is governed by that feature of the law. Local Act passed May 29, 1931, § 15, pp. 72, 75.

It is our judgment, therefore, enlarging somewhat upon the interpretation of the acts in question made by the United States Supreme Court necessary because of the status of this record, that after the probation period expires, or after it is revoked, the court cannot enlarge the sentence or punishment which had been imposed, and cannot then diminish the punishment fixed by the jury, when it is so fixed. (In the federal court the jury never fixes the punishment.) But that within the time prescribed by section 6670, Code, the court may diminish any punishment which it has imposed, not fixed by the jury, and may in that time suspend any punishment, whether fixed by the court or jury by placing defendant on probation as authorized by the Act of 1931, p. 443. When that is done, by virtue of that act, the power of the court, as such, is extended and its jurisdiction over the defendant retained (for a special purpose) beyond the thirty-day period, and beyond the term of the court, so as to retain the cause within its breast during the time specified in the act, so as to enable it to enforce the terms of the probation or to revoke it, and then within its discretion to diminish such part of the punishment as was imposed by the court and not fixed by the jury, or by the mandatory provisions of the law. Richardson v. Commonwealth, 131 Va. 802, 109 S. E. 460.

The law and equity court therefore had no right on October 1, 1934, nor any other time after the punishment was first imposed, to enlarge it. But it did have the right when judgment was pronounced, or in thirty days thereafter but during the term, to suspend the sentence and order probation, as authorized by the act in question; and it did have the right on October 1, 1934, to revoke the probation and order of suspension, and require the defendant to perform the sentence which was originally imposed. We think the judgment should be modified so as to eliminate all punishment, except that originally fixed, and, as modified, affirmed.

GARDNER and BOULDIN, JJ., concur in the foregoing dissent.

On Rehearing.

PER CURIAM.

Application for rehearing overruled.

ANDERSON, C. J., and THOMAS, BROWN, and KNIGHT, JJ., concur.

GARDNER, BOULDIN, and FOSTER, JJ., dissent.