191 So. 803

**LAW v. STATE.**

**1 Div. 70.**

Supreme Court of Alabama.

Oct. 12, 1939.

George A. Sossaman, of Mobile, for petitioner.

Thos. S. Lawson, Atty. Gen., for the State.

**FOSTER, Justice.**

This is a proceeding in the Juvenile Court of Mobile County under section 4480, Code, by which it is a misdemeanor if a parent shall without lawful excuse desert or wilfully neglect or refuse or fail to provide for the support and maintenance of his child under the age of eighteen years. We will call it the non-suppport statute.

It is an enlargement upon the Act of February 18, 1919, page 176. To that Act was added section 4479, Code, by the code committee. By the latter section a parent includes three aspects, (1) when the child is legitimate, (2) when one has become the legal custodian of the child, and (3) the father of an illegitimate child. Without section 4479, Code, by which section 4480, Code, is made applicable to the father of a bastard child, it would not be so, since there is no duty on the part of a father to support such a child except as expressly made so by statute. Ex parte Newsome, 212 Ala. 168, 102 So. 216; Commonwealth v. Ray, 196 Ky. 203, 244 S. W. 415; Patterson v. State, 23 Ala.App. 342, 127 So. 792, certiorari denied 221 Ala. 96, 127 So. 793; Simmons v. Bull, 21 Ala. 501, 56 Am.Dec. 257; 7 Amer.Jur. 673, section 69; Doughty v. Engler, 112 Kan. 583, 211 P. 619, 30 A.L.R. 1069.

It is the duty of such a father when in a bastardy proceedings, he is adjudged to be so to pay for the support of his child an annual sum to be fixed by the court not exceeding one hundred dollars for ten years.

In the case of Patterson v. State, supra, the question was whether section 4479 et seq., Code, added to the duty provided in the bastardy statutes. It was held that it

did so. The paternity of the child was admitted in court.

In Coan v. State, 224 Ala. 584, 585, 141 So. 263, the proceeding was under the bastardy statutes, and it was contended that it was superseded by the chapter here in question: that they are different and conflicting theories of liability of a father to support his illegitimate child. This Court observed: "these last-mentioned sections * * * make no provision for a judicial determination of the paternity of the child, and until there is such judicial determination under the bastardy statutes, they have no application to bastard children, unless the putative father acknowledges the child as his child. But where the paternity of the child has been judicially established, or is acknowledged by the putative father, the proceedings provided by sections 4479—4495 may be instituted to enforce the duty of support."

In Morgan v. State, 28 Ala.App. 241, 182 So. 466, certiorari denied 236 Ala. 381, 182 So. 468, a proceeding in bastardy was begun and compromised for twenty-five dollars, without an adjudication. Then another under the non-support statute was begun and was under consideration. The Court of Appeals referred to the expression above quoted from the Coan case, but did not find in the record any evidence that he had at any time acknowledged the child as his, and therefore held that his paternity could not be inquired into. This Court in a memorandum opinion denied certiorari. That did not approve all that was said in the opinion not necessary to the result. So that it did not approve the observation, not there necessary, that if he had at any time acknowledged the child as his child this proceeding would lie. It was supposed by the Court of Appeals that such was the meaning of the quotation above taken from the Coan case. And that is the question here presented.

Here the child was thirteen years old, and the Court of Appeals understands the Coan case to mean that if this defendant ever in those thirteen years at only one time made such an acknowledgment to the mother of the child, though he denied on the stand making the acknowledgment, and also denied his paternity of the child, the testimony of the mother that he did one time, when the child was an infant, make such acknowledgment would open the inquiry of its real paternity, though he did so at no other time, and denied doing it

then. The situation calls for an elaboration of the opinion in the Coan case, supra, as approved by the majority in the Morgan case, supra.

We do not think that the Court of Appeals, either in the Morgan case, supra, or in the instant case, had in mind exactly what was intended by the expressions quoted in the Coan case, supra.

To sustain such a charge against the putative father of a bastard, we there said the prosecution must prove either that there has been a judicial determination of his paternity or an acknowledgment of it by him.

In the Morgan case, supra, a minority took vigorous issue with this interpretation of the non-support statute, but the majority persisted in the conclusion thus reached.

Statutes on that subject, as did our Act of 1919, often do not include bastards, 46 Corpus Juris 1348; 7 Corpus Juris 957; and when they are not specifically named they are not included. 10 Corpus Juris Secundum, Bastards, § 20, p. 93 et seq.; 30 A.L.R. 1075.

We have a difficulty resulting from an effort to enlarge the scope of an act to include matter not originally intended to be included. If the putative father has not been so adjudged in a court with due authority, we now hold that to make him subject to the non-support statutes, he must have publicly acknowledged or treated the child as his own, in a manner to indicate his voluntary assumption of parenthood. Some states by statute permit this method of legitimating a child without marrying the mother. Without statute such recognition does not have that effect. 10 Corpus Juris Secundum, Bastards, p. 55, § 11; 7 Amer.Jur. 661, section 54, 662, section 55.

The Coan case, supra, was not intended to open the door to a judicial inquiry in non-support proceedings as to whether defendant was the real father of the child. In that connection the inquiry is limited to whether he has made decisive acknowledgment of his parenthood, as stated above.

It is not here intended that he must legitimate the child by some method authorized by law, such as provided by sections 9299 and 9300, Code. But he must voluntarily assume the role of a parent or be so adjudged by a court with due authority. No formality should be necessary, but he should

make his purpose known to the public. See, 7 Amer.Jur. 663.

There may be a difference of opinion as to whether the Coan case, supra, was correct in applying the non-support statute to bastards only when the putative father has been adjudged to be the real father or when he acknowledges his paternity, but we think that with the Morgan case, supra, that became the settled construction of the statute. We repeat that it was not meant to permit an inquiry into the fact of paternity by such acknowledgment, but only to permit an inquiry of whether he has publicly assumed that relation when he has not been so adjudged in some court with due authority.

The opinion of the Court of Appeals also states that the judgment in the circuit court contains a provision that "imposition of sentence is suspended on condition defendant pay into court $2.00 on the 8th and 15th, and on the 1st and 22nd of each month, commencing on the 2nd day of May 1938." It is assumed that the judgment of conviction was regular and formal.

It is contended that a judgment is not final so as to support an appeal in a criminal cause until sentence is imposed. This is said generally to be necessary to the finality of a judgment in such a case. 2 Amer.Jur. 934, section 140, note (2); 17 Corpus Juris 30, 31, section 3291. But those statements are made on the basis of a statute by which an appeal will only lie from a final judgment. In this State, in criminal cases, an appeal will lie from the judgment of conviction. Section 3236, Code.

Our Court of Appeals in Cook v. State, 19 Ala.App. 666, 100 So. 196, held in effect that this means what it says, and that sentence is not necessary to sustain an appeal. It therefore affirmed the judgment of conviction, and remanded the cause for sentence. See Morrison v. State, 151 Ala. 118, 44 So. 43. It is not unusual to affirm the judgment of conviction and reverse and remand as to the sentence. Brooks v. State, 234 Ala. 140, 173 So. 869; Ex parte Robinson, 183 Ala. 30, 63 So. 177.

After the opinion in the Cook case, supra, this section of the Code was carried forward in the same terms into the present Code as when that decision was rendered. We assume the Legislature thereby adopted the interpretation there made of it.

We think the Court of Appeals was correct in holding that the judgment will support an appeal.

Attention is also called to the fact that section 4488, Code, does not provide for a suspension of the judgment until after both the judgment and sentence have been imposed, when the judge is authorized to suspend the execution of the sentence and direct defendant to pay a certain sum periodically and give bond conditioned that he will do so.

Here the judge did not sentence and then suspend its performance, but suspended the imposition of sentence. Under sections 4480 and 4488, Code, he should assess a fine of not more than one hundred dollars, or sentence to a term in jail or hard labor, one or both, before making an order of suspension. The judgment of suspension of the imposition of the sentence is out of harmony with the express requirements of the statutes, and is erroneous to reversal to that extent.

It is also contended that the court could not suspend the sentence had it been imposed, since thereby a parole would be effected in violation of section 124, Constitution, on the authority of Montgomery v. State, 231 Ala. 1, 163 So. 365, 101 A.L.R. 1394; Id., 231 Ala. 41, 163 So. 377.

We will endeavor to interpret that situation without reference to the amendment recently adopted to the Constitution in that respect (see Act March 29, 1939, Gen. Acts, Sp.Sess.1939, pp. 8, 9), as bearing upon the future conduct of this case. In the Montgomery case, supra, this Court was dealing with section 124, Constitution, in connection with the ordinary criminal cases in our courts. While this writer did not agree with that opinion, it should not now be questioned, and it is not our purpose to do so here. But there the question of punishment was the matter dealt with. It was with reference to crimes generally. The punishment imposed in such cases has a twofold purpose, (1) reformation of the convicted offender, and (2) a deterrent to others who might be disposed to commit such a crime. 16 Corpus Juris 1351, 15 Amer.Jur. 155.

But the primary purpose of the acts now under consideration, so far as we are here interested, is to secure the present enforcement of a duty owing by a parent to his child. 30 Corpus Juris 1112, 1113,

section 954, notes 40, 41. Criminal statutes have no such purpose. The punishment here provided is only as an aid to such purpose. 30 Corpus Juris 1113. It is a stringent proceeding in certain situations to cause payment of alimony and maintenance, similar to that required in equity. Temporary provisions for support pending the hearing on appeal may be made as in equity. State ex rel. Sellers v. Murphy, 207 Ala. 290, 92 So. 661; Ex parte Blue, 218 Ala. 113, 118 So. 147.

 When a fine or sentence is imposed, it is for the use of the person intended to be benefited. Swindle v. State ex rel. Pruitt, 225 Ala. 247, 143 So. 198; section 4481, Code.

 The order of suspension must be made as a part of the judgment and sentence to effectuate the purpose stated. It is an exercise of a judicial function in thus accomplishing the purpose sought, not an executive. The proceeding is not to lessen or ameliorate the punishment or reform the offender, but to direct the proceeds of its enforcement, or as a substitute for its enforcement.

 Executive paroles are provided for their effect on the convict himself to secure a moral reformation of him. 46 Corpus Juris 1204; 20 R.C.L. 577. A judicial suspension on the conditions and for the purpose here named is for the purpose of benefiting the persons neglected by the delinquent defendant. The two have nothing in common in their design. The power given by section 124, Constitution, to the Governor is an executive parole, such as above stated, and is for its effect on the offender.

The procedure as provided in our statutes seems to be common among the states. 46 Corpus Juris 1363, et seq., sections 229–231; 30 Corpus Juris 1112, 1113, section 954; 20 R.C.L. 623. So far as we have observed, it has never been questioned as an exercise of the power to parole. See, 30 Corpus Juris 1116; 13 R.C.L. 1191.

The opinion of the Court of Appeals is in some respects, here pointed out, not in harmony with our views. A writ of certiorari is therefore awarded, and the judgment of that court is reversed and the cause is remanded to it.

Writ awarded. Reversed and remanded.

All the Justices concur, except KNIGHT, J., not sitting.