OWENS v. STATE. (7 Div. 200.)

(Court of Appeals of Alabama. April 6, 1926.)

**1. Bastards ☞40.**

Where original affidavit charging bastardy and original warrant of arrest were lost, allowing substitution of such papers *held* not erroneous.

**2. Bastards ☞40.**

In bastardy proceeding, technical rules need not be followed in respect to drawing affidavit charging offense and warrant of arrest.

**3. Bastards ☞25.**

Conviction for seduction cannot be pleaded in bar of proceedings in bastardy, notwith-

standing same act of intercourse is basis of each proceeding.

**4. Bastards ☞20, 92—Judgment of conviction should have been rendered under bastardy statute in force when offense was committed, but rendition under new statute would require only reversal and remandment for proper sentence and not retrial (Code 1923, § 3427; Code 1907, § 6376).**

In bastardy proceeding for offense committed before taking effect of Code 1923, § 3427, judgment of conviction should have been rendered under Code 1907, § 6376, but error in rendering judgment under the new statute would require only reversal and remandment for proper sentence and not reversal for retrial.

**5. Jury ☞136(2).**

In drawing jury in bastardy proceeding, defendant is not entitled to two strikes to state's one, but jury must be selected as in civil causes.

**6. Witnesses ☞268(7)—In bastardy proceeding, where prosecutrix had never had intercourse with any one save defendant, exclusion of cross-examination to show contrary held reversible.**

In bastardy proceeding, where prosecutrix testified she had never had intercourse with any man except defendant, exclusion of cross-examination seeking to show acts of intercourse with others *held* reversible error.

Appeal from Circuit Court, Clay County; E. S. Lyman, Judge.

Bastardy proceeding by the State against Marvin Owens. Judgment against defendant, and he appeals. Reversed and remanded.

Pruet & Glass, of Ashland, and J. J. Cockrell, of Lineville, for appellant.

The complaint should have been quashed on defendant's motion. State v Woodson, 99 Ala. 201, 13 So. 580. Defendant should have been permitted to cross-examine prosecutrix as to relations with other men. Williams v. State, 113 Ala. 63, 21 So. 463; Smith v. State, 13 Ala. App. 411, 69 So. 406; Kelly v. State, 133 Ala. 198, 32 So. 56, 91 Am. St. Rep. 25. The offense occurred before the adoption of the Code of 1923, and judgment should have been rendered under Code 1907, § 6376. State v. Hunter, 67 Ala. 81.

Harwell G. Davis, Atty. Gen., and Robt. G. Tate, Asst. Atty. Gen., for the State.

Defects in affidavits may be cured by complaint filed by the solicitor in the circuit court. Smith v. State, 73 Ala. 11; Walker v State, 108 Ala. 56, 19 So. 353; Douglass v. State, 117 Ala. 185, 23 So. 142. Evidence of unchaste conduct is not admissible, unless it has bearing upon the paternity of the child. 7 C. J. 898; Guy v. State, 20 Ala. App. 374, 102 So. 243; Brantley v State, 11 Ala. App. 144, 65 So. 678.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

21 ALA.APP.—21

BRICKEN, P. J. [1, 2] Upon entering into the trial of this case in the circuit court, it was made known to the court that the original affidavit charging this defendant with the offense of bastardy, and the original warrant of arrest based thereon, had been lost, whereupon the court allowed the state to substitute those lost papers, and, upon the substituted papers aforesaid the trial of this case was had by complaint filed in the circuit court by the solicitor. In this there was no error, as all courts have the inherent power, if original papers or records are lost or destroyed, to cause a substitution thereof, and the substituted paper or record is of equal validity with the original. Other objections interposed to the affidavit and warrant of arrest are equally without merit. Technical rules are not required in proceedings of this character. Moreover, it has been expressly held that:

"The complaint before the justice is not required to be in writing; it may be oral or written. It serves all the purposes intended, if it induces the issue of process for the arrest of the defendant." Laney v. State, 109 Ala. 34, 38, 19 So. 531, 532, and cases cited.

See, also, Hanna v. State, 60 Ala. 100, and Smith v. State, 73 Ala. 11, in which cases it is held that defects in the original complaint or affidavit may be cured by complaint filed by the solicitor in the circuit court.

[3] A conviction for seduction cannot be pleaded in bar of a proceeding in bastardy, notwithstanding the same sexual act is the basis of each proceeding.

[4] It conclusively appears that the offense complained of in this case, if committed at all, was committed before the enactment of the present statute, which prescribes a different punishment from the statute in existence at the time the alleged offense occurred. Upon the conviction of this defendant, the court should have passed sentence, and the judgment of conviction should have been rendered, under the terms and provisions of the statute existing at the time the alleged offense was committed; the new statute not being applicable. The former statute (Code 1907, § 6376) remained in force as to all offenses committed before Code 1923, § 3427, became operative. As stated, upon the conviction of this defendant the judgment rendered should have been under the statute, Code 1907, § 6376, and it was error to render judgment under the new statute, as was done in this case. This, however, would not necessitate the reversal of the judgment and the remandment of the cause for another trial. Reversal and remandment for proper sentence 'would be the correct order here. However, this is of no importance in the instant case as the cause must of necessity be reversed and remanded for injurious error committed by the trial court on the trial of this case. What has been said as to proper sentence will be sufficient guide to the lower court in the event of the conviction of this appellant upon another trial.

[5] Assignment of error 5 relates to the ruling of the court in the drawing of the jury; the accused insisting that he be allowed two strikes and the state one strike as in criminal cases. The defendant reserved an exception to the court's ruling wherein the state and defendant were allowed an equal number of strikes. This court has recently been called upon to decide this question. See Dewey Royer v. State (Ala. App. 8 Div. 413) 108 So. 654,[1] present term. We quote from said case that portion of the opinion bearing on this subject, to wit:

"There is now no express statutory provision for the selection of a jury in bastardy proceedings, and, in the absence of such statutory regulation or provision, the jury must be selected as in trial of civil causes"—citing Dorgan v. State, 72 Ala. 173; Smith v. State, 13 Ala. App. 411, 69 So. 406.

It follows that this assignment cannot avail the defendant.

[6] On the trial of this case, the state introduced as a witness, the prosecutrix, one Elva Foster. She testified:

"I am 27 years old. I am unmarried. I have never been married. * * * I was delivered of a child, and it was Marvin Owens'. This is the baby. He began going with me in August, 1920, before he had sexual intercourse with me the next April. My child was born in June, 1922. I don't know how often these relations occurred. I became pregnant in September, 1921, and the relations had continued since April, and continued through September, 1921. *. * * No one else ever had intercourse with me," etc.

On the cross-examination of this witness, the defendant undertook to show that several men, other than the defendant, had had sexual intercourse with the witness (prosecutrix), but, upon objection by the state in each instance, the court would not permit the inquiry, and to the numerous rulings of the court, in this connection, the defendant duly reserved exceptions. In these rulings there was error necessitating the reversal of this case. Under the elementary rules of evidence, the defendant should have been allowed the privilege of cross-examining this witness upon the matters testified to by her on her direct examination. It was not necessary to the state's case, in a proceeding of bastardy, to prove by the prosecutrix that she had never had sexual intercourse with any man other than defendant, but, having brought out this statement on direct examination of the witness, it was an abuse of discretion, which is vested in the trial court as to cross-examination of a witness, not to allow the defendant to cross-examine the prosecutrix on this portion of her testimony. Moreover, some of the attempted inquiries re-

[1] Post, p. 381.

lated to sexual intercourse with other men and prosecutrix at a time manifestly within the period of gestation. This is always a proper inquiry. The defendant had the right to inquire of the prosecutrix if she had not had sexual intercourse with other named parties, given the time and place, and which were fixed within the period of gestation, and, upon her denial, it was competent to prove as a fact the sexual intercourse inquired about.

There are other insistences of error. They need not be discussed. For the errors designated, the judgment of the lower court rendered and pronounced in this case is reversed, and the cause remanded.

Reversed and remanded.

