141 So. 262

## COAN v. STATE.
### 5 Div. 850.

Court of Appeals of Alabama.
Jan. 12, 1932.
Rehearing Denied March 22, 1932.

Jacob A. Walker and Hartwell Davis, both of Opelika, for appellant.

Thos. E. Knight, Jr., Atty. Gen., and Jas. L. Screws, Asst. Atty. Gen., for the State.

RICE, J.

The bastardy statutes (chapter 85 [sections 3416–3439], of the Code of 1923) are not repealed by the desertion and nonsupport statutes (chapter 157 [sections 4479–4495], of the Code of 1923).

The father of an illegitimate child may be "called to account," in either of the modes indicated by the two sets of statutes mentioned above. Patterson v. State, 23 Ala. App. 342, 127 So. 792, certiorari denied by Supreme Court, 221 Ala. 96, 127 So. 793.

Here, the proceeding is under the "bastardy statutes," where "technical rules are

not required"—nor applied. Owens v. State, 21 Ala. App. 321, 108 So. 654.

The venue of the action was properly in Tallapoosa county, where the child was born, Code 1923, § 3416.

While the proceedings appear to have been conducted in a rather loose, more or less slipshod, manner, yet it sufficiently appears that all the jurisdictional requirements were met, and that the only issue involved in the case was fairly submitted to the jury, in accordance with Code 1923, § 3425. Appellant admitted having sexual intercourse with the prosecutrix, the mother of the child, often, if not regularly, over a long period of time, but denied having such intercourse over a period of time deemed by him to cover the space of time when her conception must have taken place; it not being denied that she actually gave birth to an illegitimate child.

The evidence was ample—in fact, overwhelming—to support the verdict of the jury. If there were technical errors committed in rulings on the taking of testimony, they were but technical, and, in our considered opinion, in no wise prejudicial to appellant's rights. Supreme Court Rule 45.

He appears to have had a fair trial, substantially in accordance with the rules of law obtaining.

There is, nowhere, in the rulings underlying the assignments of error argued, prejudicial error, and the judgment appealed from is affirmed.

Affirmed.