141 So. 263

## COAN v. STATE.
### 5 Div. 114.

Supreme Court of Alabama.
April 14, 1932.

Jacob A. Walker and Hartwell Davis, both of Opelika, for appellant.

Thos. E. Knight, Jr., Atty. Gen., for the State.

BROWN, J.

In a proceeding regularly instituted and prosecuted as provided by section 3416 et seq. of the Code of 1923, the petitioner was duly adjudged to be the father of Eva Catherine, the bastard child of Katie Carroll, a single woman.

Before entering upon the trial of the case on its merits in the circuit court, the defendant, petitioner here, filed a plea questioning the jurisdiction of the court to proceed against him, on the ground that exclusive jurisdiction in such matters is conferred on the probate, juvenile, or domestic courts, by section 4484 of the Code; that said section, by implication, repeals section 3416 et seq., authorizing bastardy proceedings.

This contention was ruled against him, by both the circuit court and the Court of Appeals, and is now renewed by his petition for writ of certiorari inviting review of the decision of the Court of Appeals.

The contention is clearly without merit. In the first place, repeal by implication is not a favored doctrine, and will never be applied unless the two statutes are in irreconcilable conflict, and each cannot by reasonable construction have a field of operation. Smith v. Speed, 50 Ala. 276; Iverson v. State, 52 Ala. 170; Enloe v. Reike, et al., 56 Ala. 500; Parker v. Hubbard, 64 Ala. 203; Cook v. Meyer, 73 Ala. 580; Roberts v. Pippen, 75 Ala. 103; Jackson v. State, 76 Ala. 26.

Another well-settled canon of statutory construction is that statutes relating to the same subject, and adopted at the same time as constituting one system of law, will be construed in pari materia so as to effectuate the legislative intent, giving each, where it is reasonably possible to do so, a field of operation. Doss v. State, 220 Ala. 30, 123 So. 231, 68 A. L. R. 712.

The major purpose of sections 3416-3439 of the Code, constituting chapter 85 of the Code of 1923, is to provide a proceeding in which the paternity of a bastard child may be judicially ascertained and established, and to ascertain what amount the putative father shall be required to pay for the support of the child during its early infancy. The policy of such statutes is referable to the police power, exerted primarily for the benefit of the child, and secondarily to protect the good of society by preventing such children from becoming a public charge. Kuehlthau v. State, 92 Ala. 91, 9 So. 394; Paulk v. State, 52 Ala. 427; Smith v. State, 73 Ala. 11; 1 Mayf. Digest, 115 (3); 3 R. C. L. 750, § 29.

Sections 4479-4495, embodied in chapter 157 of the Code of 1923, in respect to the father of children "born out of lawful wedlock," in no wise conflict with the provisions of sections 3416-3439, but are supplementary thereto, and are designed to provide further proceedings for enforcing the duty imposed by law on the putative father to support his child, not only in its early infancy, but up to the time the child reaches the age of eighteen years, if in necessitous circumstances.

These last-mentioned sections (sections 4479-4495) make no provision for a judicial determination of the paternity of the child, and until there is such judicial determination under the bastardy statutes, they have no application to bastard children, unless the putative father acknowledges the child as his child. But where the paternity of the child has been judicially established, or is acknowledged by the putative father, the proceedings provided by sections 4479-4495 may

586

be instituted to enforce the duty of support. Patterson v. State, 23 Ala. App. 342, 127 So. 792; Id., 221 Ala. 96, 127 So. 793. Such statutes do not impinge constitutional provisions prohibiting imprisonment for debt. 7 C. J. 1003, § 150.

As to the other matters sought to be presented, the Court of Appeals applied the doctrine of error without injury without stating the facts in the opinion on which the ruling of the court is rested, and these matters will not be reviewed here. Campbell v. State, 216 Ala. 295, 112 So. 902.

The writ of certiorari is therefore denied.

Writ denied.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.