182 So. 466

### MORGAN v. STATE.

### 6 Div. 261.

Court of Appeals of Alabama.

May 17, 1938.

Rehearing Denied June 7, 1938.

V. H. Carmichael, of Jasper, for appellant.

A. A. Carmichael, Atty. Gen., and Jas. L. Screws, Asst. Atty. Gen., for the State.

RICE, Judge.

Bertha Box, an unmarried woman, became pregnant. In fact, before the institution of this prosecution, she gave birth to a child.

But after Bertha became pregnant, and before her child was born, she accused, in the courts, Byrd Miller Morgan of being its father.

To use her own language:

"I started a bastardy proceeding first, and Mr. Morgan had an agreement whereby we compromised and dismissed the bastardy proceeding. He paid me $25.00 as a compromise of that proceeding.

"Mr. Morgan gave the money to Mr. Faison (the Justice of the Peace) and he (Mr. Faison) gave me the $25.00 for Mr. Morgan. In other words, Mr. Morgan gave me $25.00 to pay the expense of my confinement, and that's all he did. After my confinement he hasn't given me anything for the support of the child."

And the State, upon the trial resulting in the judgment from which this appeal is taken, introduced in evidence the paper signed by Bertha upon the dismissal of the "bastardy proceeding" referred to above, which instrument we quote in full, to wit:

"Whereas, I Bertha Box, a single woman is pregnant with a child and having made affidavit and obtained a warrant charging

B. M. Morgan with being the father of the child and having some doubts as to the paternity of the child do now for and in consideration of the sum of Twenty Five dollars, the receipt of which is hereby acknowledged and the further promise of the said B. M. Morgan to defray the expenses and doctor's charge during my confinement I do now and hereby release the said B. M. Morgan of any further responsibility for the maintenance, rearing and education of the child.

"Bertha Box.

"Subscribed before me this the 20th day of February, 1936.

"I. R. Faison, Justice of Peace."

Some eight months after the birth of her baby Bertha instituted the present prosecution, under the provisions of Code 1928, § 4480.

This section 4480 of the Code, one of the sections of chapter 157—said chapter sometimes referred to as containing the "Desertion and Nonsupport Statutes" (Patterson v. State, 23 Ala.App. 342, 127 So. 792, 793)—contains, pertinently, the following, to wit: "Any parent who shall without lawful excuse desert or wilfully neglect or refuse or fail to provide for the support and maintenance of his * * * child * * * under the age of eighteen years * * * [he] she * * * being then and there in destitute or necessitous circumstances, shall be guilty of a misdemeanor." And that said child is born out of wedlock matters not. Code, § 4479.

We have specifically held that a mother, seeking to "call to account" the alleged father of her illegitimate child, may proceed either under the provisions of Code 1928, § 4480 (aided by the allied sections of chapter 157 of the Code), or under the provisions of sections 3416–3439 (chapter 85 of the Code), commonly known as the "Bastardy Statutes." Coan v. State, 25 Ala. App. 62, 141 So. 262—certiorari denied Id., 224 Ala. 584, 141 So. 263; Patterson v. State, supra.

■ But the Supreme Court, in denying the petition for certiorari in our case of Coan v. State, supra, went ahead to say—and their pronouncement is of course binding upon us (Code 1923, § 7318)—that "these last-mentioned sections (sections 4479–4495) make no provision for a judicial determination of the paternity of the child, and until there is such judicial determination *under the bastardy statutes*, they have no application to bastard children, *unless the putative father acknowledges the child as his child.*" (Italics supplied by us.)

■ So, here, there obviously having been no "judicial determination of the paternity of the child * * * under the bastardy statutes"—the proceeding under that series of statutes having been dismissed—it would seem, and we hold, that the judgment appealed from is unwarranted, unless it appears that appellant had "acknowledged the child as his child."

We have carefully examined the testimony offered on behalf of the State—none being offered on behalf of appellant—and are unable to find any from which a fair inference might be drawn that appellant ever, at any time, "acknowledged the child as his child."

If indeed he had at any time "acknowledged the child as his child," this proceeding would lie (Coan v. State, 224 Ala. 584, 141 So. 263); there never, so far as we know, having been, anywhere, the stamp of *judicial* approval placed upon the sarcastic remark of Shylock's clown to Old Gobbo that "it is a wise father that knows his own child."

But so far from being able to find any evidence tending to show that appellant ever "acknowledged the child as his child," it seems to us definitely to appear that when appellant paid the $25 to get the bastardy proceeding dismissed—which is the only thing appearing in the record from which it could even be *argued* that he ever made such acknowledgement—the receipt, and statement given and made by Bertha Box proves conclusively that he did *not* "acknowledge the child to be his child"—else, there was no occasion for Bertha to state that she had "some doubts as to the paternity of the child."

It results, therefore, that this proceeding is coram non judice (Coan v. State, 224 Ala. 584, 141 So. 263, supra); the judgment in which it resulted is void, and will not support the appeal; and the same must be dismissed.

■ My associates approve all that goes hereinabove, except the last next preceding paragraph. It is their opinion, with which I do not think it worth while to quarrel, that, the question of jurisdiction to entertain the cause depending on a matter of fact—that could have been established one

way or the other by the evidence—the proper judgment to here enter is one reversing the judgment of conviction, and decreeing the discharge of appellant from further custody in these proceedings.

It is so ordered.

Reversed and rendered.