182 So. 468

### Byrd Miller MORGAN v. STATE.

#### 6 Div. 364.

Supreme Court of Alabama.

June 30, 1938.

A. A. Carmichael, Atty. Gen., and Clarence M. Small, Asst. Atty. Gen., for the State.

Ernest L. Hargrave and S. D. Murphy, both of Birmingham, amici curiæ.

V. H. Carmichael, of Jasper, for respondent.

PER CURIAM.

Writ denied.

ANDERSON, C. J., and BOULDIN, BROWN, FOSTER, and KNIGHT, JJ., concur.

GARDNER and THOMAS, JJ., dissent.

THOMAS, Justice (dissenting).

The certiorari is requested on two propositions. First, failure of applicant to make assignment of error, which is alleged to be necessary in a bastardy proceeding; and second, error of the Court of Appeals in basing its opinion on a "dictum taken from the opinion written by the Supreme Court in the case of Coan v. State, 25 Ala.App. 62, 141 So. 262," certiorari denied, 224 Ala. 584, 141 So. 263.

The law covering the subject connects bastardy statutes and a proceeding under this statute for nonsupport, Sections 4479, 4480, Code, in such wise as to compel a consideration of the paternity of a child under either proceeding.

In the Coan Case, supra, language to the following effect is employed: "These last-mentioned sections (sections 4479–4495) make no provision for a judicial determination of the paternity of the child, and until there is such judicial determination under the bastardy statutes, they have no application to bastard children, unless the putative father acknowledges the child as his child."

It may be conceded that the foregoing statement was not essential to that decision, and, therefore, is dictum.

The Court further stated in the same case, as follows: "But where the paternity of the child has been judicially established, or is acknowledged by the putative father, the proceedings provided by sections 4479–4495 may be instituted to enforce the duty of support. Patterson v. State, 23 Ala.

382

App. 342, 127 So. 792; Id., 221 Ala. 96, 127 So. 793. Such statutes do not impinge constitutional provisions prohibiting imprisonment for debt. 7 C.J. 1003, § 150."

It is recited by the Court of Appeals, 182 So. 466, that,

"Some eight months after the birth of her baby Bertha·instituted the present prosecution, under the provisions of Code 1928, § 4480.

"This section 4480 of the Code, one of the sections of chapter 157—said chapter sometimes referred to as containing the 'Desertion and Non-support Statutes' (Patterson v. State, 23 Ala.App. 342, 127 So. 792)—contains, pertinently, the following, to wit: 'Any parent who shall without lawful excuse desert or wilfully neglect or refuse or fail to provide for the support and maintenance of his * * * child * * * under the age of eighteen years * * * [he] she * * * being then and there in destitute or necessitous circumstances, shall be guilty of a misdemeanor.' And that said child is born out of wedlock matters not. Code, § 4479.

"We have specifically held that a mother, seeking to 'call to account' the alleged father of her illegitimate child, may proceed either under the provisions of Code 1928, § 4480 (aided by the allied sections of chapter 157 of the Code), or under the provisions of sections 3416–3439 (chapter 85 of the Code), commonly known as the 'Bastardy Statutes.' Coan v. State 25 Ala.App. 62, 141 So. 262—certiorari denied Id., 224 Ala. 584, 141 So. 263; Patterson v. State, supra.

"But the Supreme Court, in denying the petition for certiorari in our case of Coan v. State, supra, went ahead to say—and their pronouncement is of course binding upon us (Code 1923, § 7318)—that 'these last-mentioned sections (sections 4479–4495) make no provision for a judicial determination of the paternity of the child, and until there is such judicial determination *under the bastardy statutes,* they have no application to bastard children, *unless the putative father acknowledges the child as his child.* (Italics supplied by us.)

"So, here, there obviously having been no 'judicial determination of the paternity of the child * * * under the bastardy statutes'—the proceeding under that series of statutes having been dismissed—it would

seem, and we hold, that the judgment appealed from is unwarranted, unless it appears that appellant had 'acknowledged the child as his child.'

"We have carefully examined the testimony offered on behalf of the State—none being offered on behalf of appellant—and are unable to find any from which a fair inference might be drawn that appellant ever, at any time, 'acknowledged the child as his child.'"

Adverting to Chapter 157 of the Code of 1923, Section 4479, "Definitions" we quote the following: "The word 'parent' or 'parents' as used in this chapter shall include natural legal parent or parents, or other persons who shall have legally acquired the custody of such child or children, and the father of such child or children, though born out of lawful wedlock."

Following this is Section 4480 of the Code, in which provision for punishment is made for desertion, neglect or refusal of the father to provide for support and maintenance of a child or children under the age of eighteen years, and under which section the instant prosecution was initiated.

Under Chapter 85, Section 3416, Code, any single woman, pregnant with or delivered of a bastard child, may make complaint on oath to any justice of the county *where she is so pregnant* or delivered, accusing any one of being the father of such child, etc. Provision is made for the trial of the issues of fact before the justice of the peace; and on examination, if probable cause, held under bond to appear at court and answer. (Code, §§ 3417, 3418). It is further provided that such justice must return the complaint and bond to the clerk of the circuit court, or court of like jurisdiction; that proceedings be conducted in the name of the state as plaintiff and the accused as defendant; but "no proceeding shall be instituted under this chapter after the lapse of one year from the birth of the child, unless the defendant has, in meanwhile, acknowledged or supported the child." (§§ 3419 to 3422). It is further provided by Section 3425 that "The court, on the appearance of the accused, must, if he demand it, cause an issue to be made up, to ascertain whether he is the real father of the child or not." Section 3427 provides that, "On the trial of such issue, if found against the defendant, judgment must be rendered against him for the costs,

and he must also be required to enter into bond with surety, to be approved by the judge, in the sum of one thousand dollars, payable to the state, and conditioned to pay the costs of the proceeding, and such sum, not exceeding one hundred dollars a year, as the court may prescribe, on the first Monday in January, in each year, for ten years, to the judge of probate of the county, for the support and education of the child, which bond must be recorded." It is further provided that on failure to give such bond judgment will be rendered against the defendant and he must produce the amount to be paid yearly, or be sentenced as provided by the statute. The right of appeal is secured to either of the parties aggrieved in bastardy proceedings in the manner indicated in section 3439 of the Code.

In the nonsupport statutes, Code Section 4479 et seq., the right of appeal to the circuit court is provided in § 4485; and the right of appeal from juvenile or domestic relations courts and from the final judgments rendered therein would be governed by the general statutes and those for appeal from final judgments by either party aggrieved.

It should be further noted that in § 4494, Code, provision is made that no other evidence shall be required to prove marriage of such husband and wife or that such person is the lawful father or mother of such child or children that is or should be required to prove such fact in a civil action; and further providing as to the prohibition of disclosure of confidential communication between husband and wife, that the same shall not apply.

Section 4495 specifically declares that the chapter shall be liberally construed in order to accomplish the beneficent purposes therein provided for.

It is only necessary to read Sections 4479, 4480 of the Code, the nonsupport statute, to find the authority given to establish the paternity of a child, whether born in wedlock or not. This is a manner in which to ascertain the fact of the liability of the putative father for nonsupport. Hence, in the case of a child born out of wedlock, it would not be necessary to first ascertain paternity in a bastardy proceeding before establishing liability, under the nonsupport statute. If this were not the law for the ascertainment of paternity of a child born out of wedlock, if disputed, where is to be found the authority to ascertain the paternity of a child born in wedlock, if that fact is disputed?

In Franks v. State, 26 Ala.App. 430, 161 So. 549, it is said (page 550): "The prosecution was begun by affidavit in the juvenile court of Jefferson county, and charged the defendant under section 4480 of the Code of 1923 with having failed to provide for his infant child, etc. The child was born to a married woman, and while her husband was still living. But the testimony for the state tends to prove that the child was a bastard and that this defendant is its natural father. This being the case, whatever may have been the law relative to such cases prior to the adoption of the Code of 1923, if he is in fact the father of the child, and he fails to support such child, it being in necessitous circumstances, he is subject to prosecution under the above section. Patterson v. State, 23 Ala.App. 342, 127 So. 792."

In Patterson v. State, 23 Ala.App. 342, 127 So. 792, the question is thus stated (page 793): " * * * we hold, that, regardless of any confusion that may arise by virtue of there now, and since August 17, 1924, being in existence two ways, one under the bastardy statutes (chapter 85 of the Code of 1923) and the other under the 'Desertion and Nonsupport Statutes' (chapter 157 of the Code of 1923), by which to call to account the father of an illegitimate child, yet there are two, and under the plain provisions of this section 4479 of the Code of Alabama of 1923, and under the 'agreed statement of facts,' we hold that this proceeding was properly instituted against this appellant in the manner shown, and that the judgment of conviction from which this appeal is taken should be, and is hereby, affirmed."

Such is the liberal construction to be accorded the Bastardy Statute (Code, § 3416, et seq.) and the Nonsupport Statute (Code, §§ 4479, 4480), that the beneficent purposes for which these statutes were enacted may have effect.

The right of appeal in such cases is recognized in Section 4487, Code. Ex parte Blue, 218 Ala. 113, 118 So. 147; State v. Worthington, 227 Ala. 204, 149 So. 709; Patterson v. State, 23 Ala.App. 342, 127 So. 792.

An inspection of the concluding paragraph of the opinion of the Court of Ap-

peals discloses a division of opinion in that court as to the judgment to be rendered in a proper case, viz.: by dismissal of the appeal or a reversal of the judgment of the lower court and remandment of the cause, giving opportunity for perfection of process, or for amendment where permissible.

The lower court having jurisdiction of the subject matter, the view expressed by the majority as to this cause, had it been in accord with the law as we have indicated, was the proper judgment to be rendered. James v. State, Ala.App., 181 So. 709.

It is apparent, therefore, that the first excerpt quoted from the Coan Case, supra, is dictum, and cannot now be held to support the judgment of reversal rendered by the Court of Appeals. Ex parte Newsome, 212 Ala. 168, 102 So. 216; Patterson v. State, supra; Id., 221 Ala. 96, 127 So. 793; Ex parte Blue, supra.

Resting upon what we now hold is an erroneous dictum in Coan v. State, supra, the Court of Appeals has reversed the judgment and discharged the defendant. In this the Court of Appeals has fallen into error necessitating the awarding of the writ of certiorari, and a reversal of the judgment of the Court of Appeals.

Though there is no discussion of the question in the opinion of the Court of Appeals, the point is made in brief, and in view of the conclusion here reached, we think it appropriate to express our view upon the question of assignments of error in cases of this character. We conclude that the proceeding is akin to bastardy proceedings in this regard, and that the rule requiring assignments of error in bastardy proceedings is applicable to those here involved, and that assignments of error are necessary. Bragg v. State, Ala.App., 183 So. 683; Williams v. State, 117 Ala. 199, 23 So. 42; Borden v. State, 27 Ala.App. 271, 170 So. 98; Jackson v. State, 26 Ala. App. 257, 157 So. 872.

If in fact the cause was submitted by appellant without any assignment of error, the judgment is due to be affirmed.

It results, therefore, that the writ, in the opinion of the writer, concurred in by Mr. Justice GARDNER, should be awarded, and the cause reversed and remanded; but the majority hold that the writ should be denied, and it is so ordered.