191 So. 801

## LAW v. STATE.
### I Div. 312.

Court of Appeals of Alabama.
March 7, 1939.

Rehearing Denied June 30, 1939.

Reversed on Mandate Oct. 31, 1939.

George A. Sossaman of Mobile, for appellant.

Thos. S. Lawson, Atty. Gen., and Edwina Mitchell and Wm. H. Loeb, Asst. Attys. Gen., for the State.

RICE, Judge.

James Ella Walker, the mother of a thirteen year old bastard son who bore the name of Leon Law, made affidavit in the Juvenile Court of Mobile County containing the following, to-wit: "Yulla Law, a parent, did, within twelve months before making this affidavit, without lawful excuse, desert, or wilfully neglect, or refuse to provide for the support and maintenance of his one child under the age of eighteen years, the said child—then and there in destitute or necessitous circumstances—in Mobile County, Alabama."

Warrant of arrest was duly issued, and appellant was duly put upon trial in said Juvenile Court, upon the charge quoted above from said affidavit. He was there found guilty; but, as quoted from the transcript from that court filed in the circuit court, on appeal: "imposition of sentence is suspended on condition defendant pay into court $2.00 on the 8th and 15th, and on the 1st and 22nd of each month, commencing on the 2nd day of May 1938."

In the circuit court, on appeal, appellant agreed to go to trial, and did go to trial, on the original affidavit—quoted, essentially, hereinabove.

He was there found guilty, but to quote from the transcript sent up here: "imposition of sentence is hereby suspended on condition that defendant pay into the Juvenile Court of Mobile County, Alabama, two dollars a week beginning Monday, May 23, 1938, towards the support of his one child as referred to in the original affidavit."

So he brings this appeal.

It is plain enough appellant was charged with a violation of the terms of Code 1923, Sec. 4480,—a part of Chapter 157 of the Code, sometimes said to be the Chapter dealing with "Desertion and Non-Support."

It appearing that there had never been a judicial determination, under the bastardy Statutes, Code 1923, Secs. 3416–3439, of the fact that appellant was the father of Leon Law, appellant stoutly contends that this prosecution, under the Desertion and Non-Support Statutes, Code 1923, Secs. 4479–4495, will not lie,—appellant's able counsel arguing that the question whether or not appellant had ever acknowledged Leon Law as his child could not be here litigated.

True, in denying writ of certiorari to this court in the case of Coan v. State, 25 Ala.App. 62, 141 So. 262; Id., 224 Ala. 584, 141 So. 263, the Supreme Court, speaking through Mr. Justice Brown, used this language: "These last-mentioned sections (sections 4479–4495) make no provision for a judicial determination of the paternity of the child, and until there is such judicial determination under the

bastardy statutes, they have no application to bastard children, unless the putative father acknowledges the child as his child. But where the paternity of the child has been judicially established, or is acknowledged by the putative father, the proceedings provided by sections 4479-4495 may be instituted to enforce the duty of support." Citing our case of Patterson v. State, 23 Ala.App. 342, 127 So. 792, certiorari denied 221 Ala. 96, 127 So. 793. And the learned Justice speaking for the Supreme Court in this Coan case went on to say,—referring to these "Desertion and Non-Support Statutes"—: "Such statutes do not impinge constitutional provisions prohibiting imprisonment for debt."

Now because in our case of Patterson v. State, supra, cited by the Supreme Court in its opinion denying certiorari in the Coan case, the defendant (appellant) did, presently, acknowledge that the child in question was his child; and because in its opinion in the Coan case the Supreme Court used the language "unless the putative father acknowledges [present tense] the child as his child," appellant argues that the possible, provable, fact that the defendant had, all along, perhaps, up · to 'the day of trial, acknowledged that the "child was his child" could not avail to warrant the proceeding under these "Desertion and Non-Support Statutes," if only defendant saw fit to deny on the trial that he had ever "acknowledged the child as his child."

But we do not think the law is so restricted. Nor that the Supreme Court, in its language quoted above, ever intended to so restrict it.

■ The sine qua non to the bringing of a successful prosecution such as the instant one—the other essentials being present—is, as we understand it, only that the defendant (appellant) had ever at any time "acknowledged the child as his child." At least that was our view when we wrote our opinion in the case of Morgan v. State, 28 Ala.App. 241, 182 So. 466. And our Supreme Court, by denying certiorari to us in same (236 Ala. 381, 182 So. 468) seemed not to challenge our view.

Whether or not appellant (defendant) had ever "acknowledged the child as his child" appears to us a fact susceptible to proof, in this proceeding, as well as any other,—and this without questioning in any way the soundness of what was written for the Supreme Court,—and quoted by us— in the Coan case, supra.

To hold otherwise would be to say to the father of a bastard child: "All right. Just admit paternity. Contribute along, as your disposition, and the mother's good nature, will permit, to the child's support. After awhile you may quit. If the mother complains—and goes into the Juvenile Court—you may . have the proceedings quashed because there has never been a judicial determination under the bastardy Statutes that you were the child's father."

■ The law will be toyed with in no such manner. And we hold the present prosecution—the necessary (almost overwhelming) evidence being offered from which to find appellant acknowledged the "child (Leon Law) as his child"—and the jury having so found—is without procedural, or other, defect.

The motions to. quash the proceedings were overruled without error. Ex parte Newsome, 212 Ala. 168, 102 So. 216.

■ It may be that the "sentence"—or rather, lack of it—imposed in the circuit court was not in strict accord with the provisions of Code 1923, Sec. 4480, and succeeding sections of Chapter 157 of the Code.

But Section 4495 of same specifically provides that "this chapter shall be liberally construed in order to accomplish the beneficent purposes herein provided for." And we cannot see that appellant was injured by the procedure adopted by the learned judge below.

The judgment of conviction is affirmed; and the cause remanded for further proceedings in accordance with the Statutes.

Judgment affirmed. Cause remanded.

PER CURIAM.

Reversed and remanded on authority of Law v. State, 238 Ala. 428, 191 So. 803.