The defendant was indicted and convicted of the fraudulent use of a credit card in violation of Section 13A-9-14 (b), Code of Alabama 1975. He was sentenced as an habitual offender to twenty-five years' imprisonment. Four issues are presented on appeal.
 I
The defendant contends that the statute under which he was indicted and convicted is unconstitutionally vague and indefinite because "it defines an attempt to violate the article and the completed commission as one and the same fact", and is therefore in conflict with Section 13A-4-2 defining attempts.
In pertinent part, Section 13A-9-14 (b) provides:
 "A person commits the crime of fraudulent use of a credit card . . . if he uses, attempts to use or allows to be used, a credit card . . . for the purpose of obtaining property, services or anything else of value with knowledge that:
"(1) The card is stolen." (emphasis added)
The fraudulent use of a credit card (of using or attempting to use) is a Class C felony. Section 13A-9-14 (e).
Section 13A-4-2 (a) defines an attempt: "A person is guilty of an attempt to commit a crime if, with the intent to commit a specific offense, he does any overt act towards the commission of such offense." An attempt may be a felony or a misdemeanor and is graded at one level below that for the substantive crime committed. Section 13A-4-2 (d). An attempt to commit a Class C felony would ordinarily constitute a Class A misdemeanor. Section 13A-4-2 (d)(4).
A statute making an offense both a felony and a misdemeanor would be unconstitutional and in violation of Ala. Const. Art. I, Section 6, giving the accused the right in all criminal prosecutions to demand the nature and cause of the accusation.Kyles v. State, 358 So.2d 797, 799 (Ala.Cr.App.), cert. denied,Ex parte Kyles, 358 So.2d 799 (Ala. 1978); State v. Hall,24 Ala. App. 336, 337, 134 So. 898 (1931).
Applying clear and simple rules of statutory construction, we find no conflict between the statute defining the offense of fraudulent use of a credit card and the statute defining attempts. Statutes adopted at the same time and constituting one system of law "will be construed in pari materia so as to effectuate the legislative intent, giving each, where it is reasonably possible to do so, a field of operation." Coan v.State, 224 Ala. 584, 585, 141 So. 263 (1932). "Special provisions relating to specific subjects control general provisions relating to general subjects. The things specially *Page 752 
treated will be considered as exceptions to the general provisions." City of Birmingham v. Southern Express Co.,164 Ala. 529, 538, 51 So. 159 (1909). A particular statute will govern a general statute. Grimes v. State, 402 So.2d 1094,1096-97 (Ala.Cr.App. 1981). "General statutory provisions yield to specific provisions where conflicts exist between the two."Chesteen v. State, 365 So.2d 102, 107 (Ala.Cr.App.), cert. quashed, 365 So.2d 108 (Ala. 1978).
 "A statute making it a crime to attempt to commit an offense is intended to be of a general nature, punishing all attempts to commit any crime, and it has been held to apply only where there is no other specific provision of law, punishing such attempt."
22 C.J.S. Criminal Law, Section 74, p. 227 (1961).
Applying these principles, we find that Section 13A-9-14
makes both the actual commission and the attempted commission of the crime defined in that section a Class C felony.
The fact that the statute punishes both the attempt and commission of the crime as a Class C felony does not render it unconstitutional. The legislature has the power to define crime and fix the punishment for the violation of its criminal statutes. Woco Pep Co. of Montgomery v. City of Montgomery,213 Ala. 452, 454, 105 So. 214 (1925); State v. Campbell,21 Ala. App. 303, 304, 107 So. 788 (1926). As noted in the Commentary to Section 13A-9-14, this special statute "is justified because of the unusual nature of the type of theft."
 II
Since Section 13A-9-14 makes the fraudulent use of a credit card a felony, the offense need not have been committed in the officer's presence before he could make an arrest without a warrant. Alabama Code Section 15-10-3 (1975).
The City of Sumiton is located in Walker County. A Sumiton police officer arrested the defendant in Jefferson County. However, the officer testified that the arrest was still made within the police jurisdiction of Sumiton. Under Section11-40-10, Code of Alabama 1975, the police jurisdiction of cities having less than 6,000 inhabitants "shall extend also into the adjoining territory within a mile and a half of the corporate limits of such city or town."
 III
The defendant argues that some form of "testimonial verification" was necessary to properly introduce at the sentencing hearing the certified copies of the minute entries of the defendant's prior convictions.
Under Section 12-21-35 (a), Code of Alabama 1975, prior convictions are properly proved through the use of certified copies of the minute entries showing the prior convictions. The purpose of this statute admitting certified copies of public records as prima facie evidence is "to avoid the necessity of removing the original records from their proper custody and of requiring the attendance of public officers and employees as witnesses in the courts." Lidge v. State, 419 So.2d 610, 615-16
(Ala.Cr.App.), cert. denied, Ex parte Lidge, 419 So.2d 616
(Ala. 1982).
 IV
When the trial judge asked the defendant if he had anything to say before the sentence was pronounced, the defendant responded:
 "DEFENDANT: Well . . . the indictment that ya'll've got me convicted on, I'm not that person. You've got me convicted for the wrong person.
 "MR. MANASCO (Defense Counsel): For what grounds do you state that, please?
"DEFENDANT: My name, I'm not a Woods."
. . . .
 "I wasn't indicted and convicted in my name. I was convicted in a false name."
. . . .
 "How could you plead me guilty or sentence me on a habitual act, when they're not none of me? I'm not a Woods, I'm a McDavid." *Page 753 
The defendant was indicted as "Ples Henry McDavid, also known as Ples Henry McDavid Woods." Five of the prior felony convictions were in the names of Ples Henry McDavid. The sixth was listed as "Ples McDavid, alias Ples Henry McDavid, alias Ples McDaniel, alias Ples Henry McDaniel." The identity of names is presumptive evidence of the identity of the person.Nelson v. State, 151 Ala. 2, 43 So. 966 (1907).
 V
The trial judge's refusal to give the defendant's two requested charges is not properly preserved for review. Allenv. State, 414 So.2d 989 (Ala.Cr.App. 1981), affirmed, Ex parteAllen, 414 So.2d 993 (Ala. 1982). Additionally, one of the charges is an incorrect statement of law and the second requested charge is merely a request for instructions.
We have reviewed all the issues raised on appeal. The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.