TAYLOR, Presiding Judge.
The appellant, Curtis Lee Mack, pleaded guilty to an attempt to possess a controlled substance, cocaine, in violation of § 20-2-162, Code of Alabama 1975. He was sentenced to two years’ probation and ordered to serve six consecutive weekends in the Montgomery County Jail.
On appeal, Mack argues that attempted possession of a controlled substance, according to § 13A-4-2, should be a misdemeanor. Specifically, he states that since § 13A-4-2 treats attempts less severely than the substantive crime, an at *972 tempt to possess cocaine should be classified as a misdemeanor instead of a felony.
Section 13A-4-2, Code of Alabama 1975, reads:
“(a) A person is guilty of an attempt to commit a crime if, with the intent to commit a specific offense, he does any overt act towards the commission of such offense.
“(b) It is no defense under this section that the offense charged to have been attempted was, under the attendant circumstances, factually or legally impossible of commission, if such offense could have been committed had the attendant circumstances been as the defendant believed them to be.
“(e) A person is not liable under this section if, under circumstances manifesting a voluntary and complete renunciation of this criminal intent, he avoided the commission of the offense attempted by abandoning his criminal effort and, if mere abandonment is insufficient to accomplish such avoidance, by taking further and affirmative steps which prevented the commission thereof. The burden of injecting this issue is on the defendant, but this does not shift the burden of proof.
“(d) An attempt is a:
“(1) Class A felony if the offense attempted is murder.
“(2) Class B felony if the offense attempted is a Class A felony.
“(3) Class C felony if the offense attempted is a Class B felony.
“(4) Class A misdemeanor if the offense attempted is a Class C felony.
“(5) Class B misdemeanor if the offense attempted is a Class A misdemeanor.
“(6) Class C misdemeanor if the offense attempted is a Class B misdemeanor.
“(7) Violation if the offense attempted is'a Class C misdemeanor.”
Although § 13A-4-2 does punish an attempt crime less severely than the substantive offense, there is an applicable statute, § 20-2-162, which specifically deals with attempt to commit a controlled substance crime. This section reads:
“(a) A person is guilty of an attempt to commit a controlled substance crime if he engages in the conduct defined in section 13A-4-2(a), and the crime attempted is a controlled substance crime.
“(b) The principles of liability and defenses for an attempt to commit a controlled substance crime are the same as those specified in sections 13A-4-2(b) through (c), and in section 13A-4-5.
“(c) An attempt to commit a controlled substance crime shall be punished the same as the controlled substance crime attempted.”
The appellant argues that when the legislature repealed § 20-2-70, possession of a controlled substance, and “transferred it to Title 13A, the legislature no longer intended for section 20-2-162 to apply to 13A-12-210 through 13A-12-215.”
A basic principle of statutory construction is that a general statute yields to a specific statute where there is a conflict between the two. See Murphy v. State, 504 So.2d 243 (Ala.Cr.App.1987); Chesteen v. State, 365 So.2d 102 (Ala.Cr.App.1978). The legislative history shows that both § 20-2-162 and 13A-12-212 were enacted on July 23, 1987.
“Another well-settled canon of statutory construction is that statutes relating to the same subject, and adopted at the same time as constituting one system of law, will be construed in pari materia so as to effectuate the legislative intent, giving each, where it is reasonably possible to do so, a field of operation.”
Coan v. State, 224 Ala. 584, 585, 141 So. 263 (1932).
The case of McDavid v. State, 439 So.2d 750 (Ala.Cr.App.1983), involving the fraudulent use of a credit card is very similar to the case at bar. The appellant in McDavid argued that § 12A-9-14(b), Code of Alabama 1975, was unconstitutionally vague because “it defined an attempt to violate the article and the completed commission as one and the same fact.” Id. at 751.
Both this case and the McDavid case turn on the question of whether to apply *973 the general criminal attempts statute as set out in § 18A-4-2 or to apply the attempt statute for the specific crime charged. “A statute making it a crime to attempt to commit an offense is intended to be of a general nature punishing all attempts to commit any crime, and it has been held to apply only where there is no other specific provision of law, punishing such attempt.” Id. at 752, quoting from 22 C.J.S. Criminal Law, Section 74, p. 227 (1961).
The statute punishes the attempt and the substantive crime as the same class of felony. This is not an unconstitutional scheme of punishment. See McDavid, supra.
The court did not err in its application of the sentencing statutes.
AFFIRMED.
All the Judges concur.