TAYLOR, Presiding Judge.
The appellant, Angela Washington, pleaded guilty to possession of marijuana, in violation of § 13A-12-213, Code of Alabama 1975, and possession of cocaine, in violation of § 13A-12-212, Code of Alabama 1975. She was sentenced to two concurrent three-year terms in the state penitentiary.
The appellant contends that the holding in Vogel v. State, 426 So.2d 863 (Ala.Cr.App.1980), affirmed, 426 So.2d 882 (Ala.1982), cert. denied, 462 U.S. 1107, 103 S.Ct. 2456, 77 L.Ed.2d 1335 (1983), is controlling in the case at bar and that under that case, her conviction and sentence are due to be reversed and the cause remanded. In Vogel, this court held that the simultaneous possession of several types of drugs at the same time and in the same place constitutes only one offense of possession and authorizes only one sentence upon conviction. We are unable to agree with the appellant’s contention.
Section 13A-12-212, Code of Alabama 1975, provides, in pertinent part:
“(a) A person commits the crime of unlawful possession of controlled substance if:
“(1) Except as otherwise authorized, he possesses a controlled substance enumerated in schedules I through V.”
(Emphasis added.) Section 20-2-23, Code of Alabama 1975, includes the following:
“The controlled substances listed in this section are included in schedule I:
[[Image here]]
“(3) Any material, compound, mixture or preparation which contains any quantity of the following hallucinogenic substances, their salts, isomers and salts of isomers, unless specifically excepted, whenever the existence of these salts, isomers and salts of isomers is possible within the specified chemical designation:
[[Image here]]
“j. Marihuana_”
Section 13A-12-213, Code of Alabama 1975, provides, in pertinent part:
“(a) A person commits the crime of unlawful possession of marihuana in the first degree if, except as otherwise authorized:
“(1) He possesses marihuana for other than personal use; or
“(2) He possesses marihuana for his personal use only after having been previously convicted of unlawful possession of marihuana in the second degree or unlawful possession of marihuana for his personal use only.”
(Emphasis added.)
This court recently held:
“Although marihuana is a controlled substance enumerated in Schedule I, § 20-2-23(3), Ala.Code (1975), and would therefore fall within the general possession proscription of § 13A-12-212, it is clear to this court that the legislature intended to create a separate, specific offense for possession of marihuana. If possession of marihuana were to be included within § 13A-12-212, then §§ 13A-12-213 and -214 would serve no purpose.”
Pool v. State, [Ms. 5 Div. 570, January 19, 1990] (Ala.Cr.App.1990).
It is a basic principle of statutory construction that a general statute yields to a specific statute where there is a conflict between the two. Mack v. State, 536 So.2d 971 (Ala.Cr.App.1988); Murphy v. City of Mobile, 504 So.2d 243 (Ala.1987); Chesteen v. State, 365 So.2d 102 (Ala.Cr. App.), writ quashed, 365 So.2d 108 (Ala.1978). Further, the legislative history shows that both § 13A-12-212 and 13A-12-213 were enacted on July 23, 1987.
“Another well-settled canon of statutory construction is that statutes relating to the same subject, and adopted at the same time as constituting one system of law, will be construed in pari materia so as to effectuate the legislative intent, giving each, where it is reasonably possible to do so, a field of operation.”
Mack, supra, 536 So.2d at 972, quoting Coan v. State, 224 Ala. 584, 585, 141 So. 263 (1932).
*415 The appellant was correctly charged with both possession of marijuana and possession of cocaine. Therefore, no error occurred in her being sentenced to two concurrent three-year terms in-the state penitentiary upon her conviction. Accordingly, the judgment of the trial court is due to be, and it is hereby, affirmed.
AFFIRMED.
All the Judges concur.